STATE OF NORTH CAROLINA v. CLARENCE HARRINGTON

No. 7214SC785

(Filed 29 December 1972)

1. Criminal Law § 21— preliminary hearing as a matter of right

Defendant who was charged with possessing and transporting heroin was not, as a matter of right, entitled to a preliminary hearing before trial in superior court.

2. Arrest and Bail § 3— approach of officers — flight of defendant — time of arrest

Where officers approached defendant in a dinette and asked him to accompany them outside, there was no intent on the part of the officers to arrest defendant inside the dinette, nor was there any manual touching or seizure of defendant while inside; rather, the arrest took place after defendant was apprehended in flight.

3. Arrest and Bail § 3; Searches and Seizures § 1— arrest without warrant — flight of defendant — probable cause — warrantless search of vehicle

Where officers, acting on a tip from a reliable informant, approached defendant and asked to talk to him, but defendant ran from officers and tossed away an aluminum foil object while in flight, the officers had probable cause or reasonable ground to believe that a felony or misdemeanor was being committed in their presence and were justified in pursuing defendant, in placing him under arrest, in retrieving the aluminum foil packet, and in searching defendant's automobile incident to his arrest.

4. Jury § 5— jury selection — questioning conducted by court

Refusal by the trial court to allow defense counsel personally to conduct a *voir dire* of prospective jurors did not constitute error.

APPEAL by defendant from *Cooper, Judge,* at the 22 May 1972 Session of DURHAM Superior Court.

Defendant was charged in two bills of indictment, proper in form, with (1) possessing heroin and (2) transporting heroin. He pleaded not guilty to both charges, a jury found him guilty as charged, and from judgment imposing prison sentences, he appealed.

*Attorney General Robert Morgan by William W. Melvin and William B. Ray, Assistant Attorneys General, for the State.*

*Loflin, Anderson & Loflin by Thomas F. Loflin III for defendant appellant.*

BRITT, Judge.

[1] Defendant first assigns as error the court's denial of a pretrial motion to remand his cases to the district court to afford him a preliminary hearing on the charges against him. The Supreme Court of North Carolina has said that under our law a preliminary hearing is not an essential prerequisite to the finding of a bill of indictment. *State v. Gainey,* 280 N.C. 366, 185 S.E. 2d 874 (1972); *Gasque v. State,* 271 N.C. 323, 156 S.E. 2d 740 (1967); cert. den. 390 U.S. 1030, 20 L.Ed. 2d 288, 88 S.Ct. 1423 (1968). We think it follows, and so hold, that a defendant is not, as a matter of right, entitled to a preliminary hearing before trial in superior court. The assignment of error is overruled.

Defendant next assigns as error the failure of the court to allow his motion to suppress all evidence which came from on or about his person at the time of his arrest or detention.

Prior to pleading to the bills of indictment and the admission of any evidence, defendant moved to suppress certain evidence. The jury was excused and a voir dire was conducted. The testimony of two State Bureau of Investigation officers and of a Durham policeman presented on voir dire is summarized in pertinent part as follows:

On 31 October 1971 at approximately 8:30 p.m. S.B.I. Agent Clarence Gooch (Gooch) received a telephone call from a confidential informer who had in the past given to officers tips which had resulted in approximately 50 arrests and 35 convictions. The information received by Gooch was, in substance, that defendant would be operating a black over yellow

Oldsmobile bearing N. C. license number DL-3288, that defendant would stop at the Dunkin Donut Dinette (dinette) located on Roxboro Road in Durham and that defendant would have 36 bindles of heroin in his possession. Gooch contacted S.B.I. Agent Fred Cahoon (Cahoon) and Durham Police Officer J. E. Hunter (Hunter) and requested that they accompany him to the dinette. When the three officers arrived at the dinette at about 9:30 p.m., Cahoon went inside and Gooch and Hunter remained outside to observe the place. Gooch saw defendant drive up in a black over yellow Oldsmobile bearing N. C. license number DL-3288. Defendant and another person alighted from said car and entered the dinette. Gooch and Hunter then entered the dinette; Gooch identified himself to defendant as an S.B.I. Agent and told defendant that the officers "would like to talk to him and wanted to talk to him on the outside if he didn't mind." The other two officers likewise identified themselves to defendant and his companion. Defendant and his friend voluntarily agreed to accompany the officers outside. After they got outside, Gooch asked defendant to remove his hand from his (defendant's) pocket and defendant began running. As defendant was running from the officers, Gooch and Cahoon saw him toss away an aluminum foil object. Cahoon followed the aluminum foil to retrieve it and Gooch pursued defendant, catching defendant about 150 yards from the dinette. Defendant was then placed under arrest. Hunter took charge of defendant's companion and remained in front of the dinette. Cahoon retrieved the aluminum foil object which was out of his immediate line of vision for approximately two seconds and upon opening one flap saw inside glassine envelopes containing what appeared to be 36 bindles of heroin. Cahoon returned to where defendant's car was parked and showed the foil's contents to Gooch. The officers then searched defendant's automobile and found a .22 caliber pistol in the unlocked console glove compartment and in the trunk they found measuring spoons and other items commonly used in the preparation of narcotics for street use.

Following the voir dire, the trial judge found the facts to be as testified to by the three officers and concluded as a matter of law that defendant's arrest without a warrant on 31 October 1971 was made with probable cause and was lawful, that the search of defendant's vehicle was made incident to a lawful arrest and that the aluminum foil containing 36 bindles of heroin and the .22 caliber pistol were seized by the officers as a result of said lawful arrest and search.

Defendant argues that he was *arrested* in the dinette, that said arrest was unlawful, and that the substance identified as heroin was obtained as a result of the unlawful arrest. Assuming, *arguendo,* that defendant was arrested in the dinette, we think the facts are sufficiently similar to the facts in *State v. Roberts,* 276 N.C. 98, 171 S.E. 2d 440 (1969) for the holding in that case to apply here. In *Roberts,* Justice Lake, writing for the court, reviewed applicable statutes and court decisions including *Draper v. United States,* 358 U.S. 307, 3 L.Ed. 2d 327, 79 S.Ct. 329 (1959), and concluded that the police officers who arrested the defendant in that case had reasonable ground to believe that said defendant was committing a felony (possession of LSD) in their presence, therefore, no right conferred upon said defendant by the U.S. Constitution or the Constitution or statutes of this State was violated in the arrest and search of said defendant without a warrant, in the seizure of the LSD pills found upon him, or in the admission of those pills in evidence. We see no point in quoting again excerpts from statutes and court decisions set forth in *Roberts.*

[2] We think, however, the arrest of defendant in the instant case did not occur until after defendant and the officers went out of the dinette, defendant ran and was apprehended by Officer Gooch.

In 5 Am. Jur. 2d, Arrests, § 1, p. 696 (1962), we find: "The act relied upon as constituting an arrest must have been performed with the *intent* to effect an arrest and must have been so understood by the party arrested. In all cases in which there is no manual touching or seizure, or any resistance the intentions of the parties are important. There must have been the *intent* on the part of one of them to arrest the other and the intent on the part of the other to submit under the belief and impression that submission was necessary. However, no formal declaration of arrest is required." (Emphasis added.) The record in the case at bar reveals no intent on the part of the officers to arrest defendant inside the dinette; nothing in the record indicates a manual touching or seizure of defendant while in the dinette. The evidence tended to show that the officers "asked" rather than "ordered" defendant to accompany them outside. In response to a question from defense counsel, Agent Gooch stated, "I told him (reference to defendant) we would like to talk to him and wanted to talk to him on the outside if he didn't mind." Gooch also testified that after defendant was apprehended in flight, he placed defendant under arrest.

[3] Quite obviously, when defendant ran from the officers and tossed away the aluminum foil object, the officers had probable cause or reasonable ground to believe that a felony or misdemeanor was being committed in their presence and were justified in pursuing defendant, in placing him under arrest, G.S. 15-41 (1), in retrieving the aluminum foil packet, *State v. Powell*, 11 N.C. App. 465, 181 S.E. 2d 755 (1971), and in searching the defendant's automobile incident to his arrest. See *Chambers v. Maroney*, 399 U.S. 42, 26 L.Ed. 2d 419, 90 S.Ct. 1975 (1970) ; *United States v. Chalk*, 441 F. 2d 1277 (1971) ; *State v. Ratliff*, 281 N.C. 397, 189 S.E. 2d 179 (1972) ; *State v. Simmons*, 278 N.C. 468, 180 S.E. 2d 97 (1971).

We hold that the evidence presented on voir dire fully supports the findings of fact and that the findings of fact support the legal conclusions that defendant's arrest was lawful and that the evidence found in the searches incident to the arrest of defendant was admissible. The trial judge correctly denied defendant's motion to suppress said evidence.

[4] Defendant's third assignment of error relates to the court's refusal to allow defense counsel personally to conduct a voir dire of prospective jurors. In *State v. Dawson*, 281 N.C. 645, 190 S.E. 2d 196 (1972), the Supreme Court held that such procedure by the trial judge was proper. This assignment of error is overruled.

We have carefully reviewed all of defendant's other assignments of error and find them to be without merit.

No error.

Judges PARKER and VAUGHN concur.