STATE OF NORTH CAROLINA v. MICHAEL THOMAS WILLIAMS

No. 763SC595

(Filed 19 January 1977)

1. Criminal Law § 84; Searches and Seizures § 1— warrantless search — no search incident to lawful arrest — evidence seized should be suppressed

   In a prosecution for possession of marijuana the trial court should have granted defendant's motion to suppress marijuana taken from his person during a search which defendant contended was not incident to a lawful arrest where the evidence tended to show that an officer observed defendant clasp hands with another man on the street in an area of high drug traffic; defendant entered the lobby of a motel where the observing officer was located; the officer

---

State v. Williams

---

approached defendant, asked for identification, and upon being told that defendant had none, instructed him to face the wall and assume a position for frisking; defendant immediately ran but was caught by the officer; defendant was then told he was under arrest and was searched; and marijuana was found on his person.

2. **Arrest and Bail §§ 3, 6— unlawful arrest — right of defendant to flee**
   A person has the right to resist an unlawful arrest, and one may flee from an unlawful arrest. Moreover, where defendant exercises his right to flee from an unlawful arrest, the flight of the accused cannot be added to other relevant facts to give the officer probable cause for making a warrantless arrest.

APPEAL by defendant from *Rouse, Judge.* Judgment entered 27 May 1976 in Superior Court, CRAVEN County. Heard in the Court of Appeals 8 December 1976.

Defendant was tried for possession of marijuana. At trial defendant moved to suppress the introduction into evidence of marijuana taken from his person. He contended that there was no probable cause for his arrest and that therefore the search which uncovered the marijuana was not incident to a lawful arrest. After the motion was denied, defendant pleaded guilty pursuant to G.S. 15A-979(b). From a sentence suspending imprisonment, defendant appeals.

*Attorney General Edmisten by Special Deputy Attorney General Robert P. Gruber for the State.*

*Henderson, Baxter & Davidson by David S. Henderson and Gerard H. Davidson, Jr., for defendant appellant.*

CLARK, Judge.

The Fourth Amendment to the Federal Constitution prohibits unreasonable searches and seizures and provides that no warrant shall be issued without probable cause. Warrantless searches are *per se* unreasonable under the Fourth Amendment subject only to a few specifically established and well-delineated exceptions which are jealously and carefully drawn. *Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed. 2d 564 (1971). Through the Fourteenth Amendment, this principle applies to the states as well. *Ker v. California,* 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed. 2d 726 (1963); *State v. Roberts,* 276 N.C. 98, 171 S.E. 2d 440 (1970). A search incident to a lawful arrest is a traditional exception to the warrant requirement of the Fourth Amendment. *United States v. Robinson,* 414 U.S. 218,

94 S.Ct. 467, 38 L.Ed. 2d 427 (1973) ; *State v. Harris,* 279 N.C. 307, 182 S.E. 2d 364 (1971). "An arrest is constitutionally valid when the officers have probable cause to make it." *State v. Eubanks,* 283 N.C. 556, 559, 196 S.E. 2d 706, 708 (1973).

In the present case, the sole justification offered for the warrantless search which resulted in the seizure of the marijuana introduced as evidence at trial was that the search was incident to a lawful arrest. If the arrest were unconstitutional, then the evidence should not have been admitted under the federal exclusionary rule imposed upon the states in *Mapp v. Ohio,* 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed. 2d 1081 (1961), and recognized by G.S. 15A-974(1). See *State v. Eubanks, supra,* (distinguishing the exclusionary effect of unconstitutional and illegal arrests).

[1]    Determinative of the question presented by this appeal is whether the evidence supports the findings of the trial court that the arrest of the defendant was made after flight, and that the officer had probable cause to make the arrest.

The findings at issue were based solely upon the testimony of the arresting officer, Sgt. J. W. Buck of the Narcotics Division of the New Bern Police Department. On 19 January 1976, he was stationed in a motel on Broad Street for purposes of surveillance. At about 3:30 p.m. he observed a confidential source make a purchase. Over objection he testified that this was an area of substantial drug traffic. On cross-examination he admitted that this was a weekday afternoon, that there was normal pedestrian traffic, and that stores in the area were open and doing business.

At about 4:00 p.m. he observed the defendant and an unidentified male meet. He did not know either man. He saw the defendant and the other man join hands. He did not see anything in the hand of either man. Defendant then put his left hand into his left coat pocket, withdrew it, crossed the street and entered the manager's office of the motel in which Sgt. Buck was located.

When defendant emerged, Sgt. Buck met him in the lobby. He identified himself as a police officer and asked defendant for identification. Defendant stated that he had none on him. Sgt. Buck testified that then,

" . . . I told him I had reason to believe he had drugs on him and to turn around and face the wall and put his hands on the wall and assume a position for frisking. I ordered him to turn around to face the wall for the purpose of searching him. . . . "

Defendant immediately ran outside but was caught by Sgt. Buck. Defendant was then told he was under arrest and was searched. A bag and an envelope containing marijuana were found.

The trial court found that defendant was arrested after the chase and that there was probable cause for the arrest.

In the hotel lobby before flight the significant evidence relating to probable cause was that the area was known for a high incidence of drug activity and that he saw the defendant and another man on a public sidewalk join hands and the defendant put his hand in his pocket. At this time the officer had no probable cause to make the arrest. At most the circumstances would support a reasonable suspicion of defendant's possession of a contraband drug which would have justified an approach and temporary detention of the defendant in an appropriate manner for purposes of investigating his possible criminal behavior. 6A C.J.S., Arrest, § 38 (1975). Had the officer done so, he may well have been able to determine that defendant was in possession of marijuana. Instead, the officer resorted to aggressive and unlawful behavior.

Nor did the circumstances involve elemental safety and precaution which would justify a "stop and frisk" of the defendant. The frisk incident to a field interrogation must be based upon circumstances from which it can reasonably be inferred that the individual was armed and dangerous. *Sibron v. New York*, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed. 917 (1968) ; *State v. Streeter*, 283 N.C. 203, 195 S.E. 2d 502 (1973). The "stop and frisk" doctrine is not an open invitation to conduct what amounts to an unlimited search incident to an arrest. 6A C.J.S., Arrest, § 42 (1975).

The conduct of the officer, as described in his own words, in ordering the defendant to put his hands on the wall and assume a frisking position for the purpose of searching him far exceeded his authority to approach and temporarily detain for investigation ; it constituted an attempt to arrest the defend-

ant and was an unlawful interference with the defendant's fundamental right of personal liberty.

[2]   A person has the right to resist an unlawful arrest. *State v. Mobley,* 240 N.C. 476, 83 S.E. 2d 100 (1954). And one may flee from an unlawful arrest. See *State v. Borland,* 21 N.C. App. 559, 205 S.E. 2d 340 (1974), (where it was held that the defendant could not be convicted for reckless driving and speeding when the offense was committed in fleeing to avoid an unlawful arrest).

In the case before us the defendant fled from the unlawful attempt to arrest him. At this time the arrest was not complete under G.S. 15A-401(c)(1) because the defendant did not "submit to the control" of the officer, nor had the officer taken him "into custody by the use of physical force." The defendant had the right to flee to avoid the unlawful arrest. Flight is a strong indicia of *mens rea,* and when coupled with other relevant facts or the specific knowledge on the part of the arresting officer relating the subject to the evidence of the crime, it may properly be considered in assessing probable cause. *United States v. Garcia,* 516 F. 2d 318 (9th Cir. 1975). But where the defendant exercises his right to flee from an unlawful arrest, the flight of the accused cannot be added to other relevant facts to give the officer probable cause for making a warrantless arrest. *Wong Sun v. United States,* 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed. 2d 441 (1963). This situation is distinguishable from that in *State v. Harrington,* 17 N.C. App. 221, 193 S.E. 2d 294 (1972), *aff'd,* 283 N.C. 527, 196 S.E. 2d 742 (1973), where the defendant fled prior to an attempted arrest. Here the unlawful arrest was the direct and proximate cause of the flight. At the time of defendant's arrest after the flight, there was no probable cause to make the arrest.

We cannot condone the use of evidence obtained by unlawful conduct as a means for making the conduct lawful. To do so in this case would seriously weaken the Fourth Amendment rights of the people to personal liberty and to be secure against unreasonable searches and seizures.

The denial of the defendant's motion to suppress is reversed, the judgment is vacated, and it is directed that defend-

ant be permitted to withdraw his guilty plea, and this cause is remanded for proceedings consistent with this opinion.

Reversed and remanded.

Judges PARKER and HEDRICK concur.