STATE OF NORTH CAROLINA v. ROBERT LOUIS ADAMS AND MICHAEL
ANTHONY SWANN

No. 8115SC740

(Filed 2 February 1982)

**Searches and Seizures § 11— warrantless search, seizure and arrest—probable
cause**

> An officer did not violate defendant's constitutional rights when he
> stopped and detained defendant, searched the car, and eventually arrested him
> where the evidence tended to show that moments after a convenience store
> was robbed by two men, a witness saw an older model car leave a nearby
> parking lot and stop; that shortly thereafter a police officer arrived and the
> witness described the car he had seen; that the witness pointed in the direc-
> tion that the car had gone; that the witness and officer viewed the car lights
> coming on approximately 300 feet away; and that the officer pursued the car,
> stopped it, and asked both occupants to get out.

APPEAL by defendant Robert Louis Adams[1] from *Bailey,
Judge.* Judgment entered 8 October 1980 in Superior Court,
ORANGE County. Defendant's petition for a writ of certiorari was
allowed on 9 July 1981. Heard in the Court of Appeals 5 January
1982.

Defendant appeals from a conviction of robbery with a
firearm in violation of G.S. 14-87 for which he was sentenced to
prison for a term of not less than fifteen years nor more than for-
ty years. The issues on appeal are whether the trial court erred
in denying defendant's motion to suppress certain evidence, in
allowing what defendant contends to be hearsay testimony into
evidence, in denying defendant's motion to dismiss, and in over-
ruling defendant's objection to certain evidence offered by the
State on rebuttal.

*Attorney General Edmisten, by Associate Attorney James
W. Lea III, for the State.*

*Winston, Blue, Larimer & Rooks, by Barry T. Winston, for
defendant Robert Louis Adams.*

---

1. Defendant Michael Anthony Swann's conviction was affirmed on 17
November 1981 in an unpublished opinion.

BECTON, Judge.

I

At approximately 1:30 a.m. on 15 April 1980, Angia Joyce Davis was working as a cashier at Pantry Store Number 386 in Carrboro, North Carolina when two men entered the store, pointed a gun at her, and asked her for money. She put the money in a paper bag, and the two men put her in a walk-in refrigerator and left. Based on information supplied by Thomas Watson who was near the Pantry at the time it was robbed, Police Officer Charles Ashworth pursued, and subsequently stopped, a car with two men in it. One of the men was the defendant; the other was Michael Anthony Swann, the co-defendant.

After police officers found a shotgun and a handgun in the car and a paper bag containing money outside the car, defendant was placed under arrest. Although Ms. Davis was later unable positively to identify the defendant or Michael Swann, one latent print found at the scene corresponded to the left thumb print of Michael Swann.

The defendant denied committing the crime. He testified that he had ridden with Michael Swann to Chapel Hill looking for a friend. When defendant and Swann became lost and drove beyond their turn, they picked up two men wearing long black overcoats. The two men told them to make a left turn, take the underpass and turn left, the result being a U-turn. The two men were then let out. Immediately thereafter, the car in which defendant was a passenger was stopped by Officer Ashworth.

II

The defendant first argues that Officer Ashworth had no probable cause to detain or arrest him and that, therefore, the admission into evidence of the guns and money obtained at the site of his arrest was in violation of his rights under the Fourth Amendment to the United States Constitution. Based on our review of the record, we are convinced that Officer Ashworth acted well within the confines of constitutional mandates when he detained the defendant, searched the car, and eventually arrested him.

Our case law and statutory law is clear. A police officer may, without an arrest warrant, lawfully detain a person when there is need for immediate action, if upon personal observation or reliable information the officer has an honest and reasonable suspicion that the person detained has committed or is preparing to commit a crime. *State v. McZorn*, 288 N.C. 417, 219 S.E. 2d 201 (1975), *death sentence vacated* 428 U.S. 904, 49 L.Ed. 2d 1210, 96 S.Ct. 3210 (1976); *State v. Streeter*, 283 N.C. 203, 195 S.E. 2d 502 (1973); *State v. Williams*, 32 N.C. App. 204, 231 S.E. 2d 282, *appeal dismissed* 292 N.C. 470, 233 S.E. 2d 924 (1977); G.S. 15A-401(b)(2) (Cum. Supp. 1981). This standard, which our courts uniformly apply, is no different than the standard required by the United States Constitution. *State v. Mathis*, 295 N.C. 623, 247 S.E. 2d 919 (1978). *See also Beck v. Ohio*, 379 U.S. 89, 13 L.Ed. 2d 142, 85 S.Ct. 223 (1964).

Separate and apart from this principle that a suspect may be detained or arrested in the absence of a warrant under certain circumstances, it is also a well-settled principle in this State that a police officer may conduct a warrantless search of a vehicle capable of movement when the officer has probable cause to do so and when exigent circumstances make it impractical to secure a warrant. *State v. Jones*, 295 N.C. 345, 245 S.E. 2d 711 (1978); *State v. Legette*, 292 N.C. 44, 231 S.E. 2d 896 (1977); *State v. Allen*, 282 N.C. 503, 194 S.E. 2d 9 (1973). The test of probable cause in this instance is whether the police officer had reasonable grounds to believe that the suspect had committed a crime and that the vehicle in which he was riding contained evidence relating to the crime. *State v. Johnson*, 29 N.C. App. 534, 225 S.E. 2d 113 (1976).

With these principles in mind, we turn to the facts of this case to determine if Officer Ashworth acted reasonably in detaining the defendant, in conducting a search of the car, and in eventually arresting defendant.

Within moments after the Pantry was robbed by two men, Thomas Watson stepped outside the Pantry, looked across the street, "and saw a white, older model Ford coming out of Old Well Apartments onto the street with the lights off." It was approximately 1:30 a.m., and two people were in the car. The car stopped and did not move again while Watson was outside the Pantry. During this time, the cashier of the Pantry, Angia Joyce

Davis, was talking to a police dispatcher on the telephone. Watson went inside the Pantry to tell the dispatcher what he had seen and then went back outside the Pantry and flagged down a police car that was approaching the Pantry. Watson described the car he had seen to Charles Ashworth, the police officer. As Watson pointed toward Highway 54 by-pass, the direction the car had gone, car lights came on at the by-pass. (The by-pass is approximately 300 feet from the Pantry.) Officer Ashworth pursued the car. At that time, there was no other traffic on the road. While pursuing the car, Officer Ashworth radioed for assistance. When Officer Ashworth got close enough to see that the car was a white older-model car occupied by two people, he stopped the car, and asked both occupants to get out.

As it turned out, the car was a 1966 white Plymouth. That is of little consequence, however, since Watson told Officer Ashworth that the car "looked like a white [older] Ford" and specifically identified the car whose lights came on at the by-pass to Officer Ashworth. It was this car containing defendant that Officer Ashworth later stopped. "It is well recognized that a description of either a person or an automobile may furnish reasonable grounds for arresting and detaining a criminal suspect." *State v. Jacobs*, 277 N.C. 151, 154, 176 S.E. 2d 744, 746 (1970). In this case, Officer Ashworth had ample justification for pursuing and stopping the car which contained defendant. No arrest warrant was required under the circumstances. Moreover, Officer Ashworth, having reasonable grounds for suspecting that defendant was involved in a crime, had the probable cause necessary to justify a warrantless search of the car. The stopping of this car at 1:30 a.m., only moments after a robbery and after it had been identified as being near the scene of the robbery, is representative of the type of exigent circumstances that make it impractical to secure a search warrant.

Were it necessary to further justify the seizure, the State could do so by relying on the "plain view doctrine." *See State v. Smith*, 289 N.C. 143, 221 S.E. 2d 247 (1976). Officer Ashworth saw the shotgun protruding from the back seat of the car. Lieutenant Turner of the Chapel Hill Police Department who answered the radio call for back-up assistance found a bag containing $153.76 on the ground in the right front tire impression of the car. The other

gun, a loaded .22 calibre revolver, was seen under the edge of a paper bag in the front seat of the car.

We hold that Officer Ashworth did not violate defendant's constitutional rights when he stopped and detained defendant, searched the car, and eventually arrested him.

We have considered defendant's other assignments of error relating to (a) the admission of what defendant contends to be hearsay evidence; (b) the denial of defendant's motion to dismiss; and (c) the admission of certain rebuttal evidence by the State. We find no error in these assignments.

No error.

Judge CLARK and Judge WHICHARD concur.