STATE OF NORTH CAROLINA v. BERNARD WILLIAMS

No. 8726SC155

(Filed 6 October 1987)

Searches and Seizures § 11— stop and search of automobile — evidence admissible

    The trial court in a prosecution for felonious breaking or entering and
felonious larceny properly denied defendant's motion to suppress all of the
evidence against him where officers investigating a break-in by four young
black males stopped an automobile containing four black males, including
defendant; officers checked the identification of all of the occupants and al-
lowed the vehicle to proceed; the officers learned through radio communication
with other officers at the scene of the crime that some of the items reported
stolen had been found between the location of the break-in and the place
where the officers had stopped the automobile and that one of the occupants of
the car had been arrested the preceding year for burglary; officers followed
the automobile into the parking lot of a convenience store and asked the oc-
cupants to wait there for another officer to come and question them; after that
officer arrived, the officers asked the men to step out of the car and they then
observed items in the car which matched the description of items reported
stolen. The circumstances created a reasonable suspicion of criminal activity,
and a brief stop of an individual in order to maintain the status quo while ob-
taining more information does not violate either the fourth amendment or our
case law.

APPEAL by defendant from *Gray, Judge.* Order entered 3 October 1986 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 1 September 1987.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General David R. Minges, for the State.*

*Dozier, Brackett, Miller, Pollard & Murphy, by Richard S. Gordon and Timothy H. Graham, for defendant appellant.*

BECTON, Judge.

Defendant, Bernard Williams, was convicted of felonious breaking or entering and felonious larceny and sentenced to six years imprisonment following a plea of guilty. Before entering the plea of guilty, defendant filed a motion to suppress all the evidence against him on the ground that it was acquired as a result of his having been seized without probable cause in violation of his rights under the Fourth Amendment to the United States Constitution and N.C. Gen. Stat. Sec. 15A-401(b)(2) (1986). The trial judge denied the motion. Defendant appeals. We find no error.

I

The trial judge found the following facts, and defendant did not take exception to any of them. On the morning of 18 April 1986 Officers Helms and Everhardt were dispatched to the area of Spicewood Drive in Charlotte to search the area in connection with a break-in that had just occurred. The officers were told that the suspects were four young black males. Upon arriving at the area the officers met a Pontiac automobile containing four black males, one of whom was defendant. The officers stopped the vehicle and checked the identification of all the occupants; then, finding no irregularities, allowed the vehicle to proceed. Shortly thereafter the officers learned through radio communication with other officers, who were at the scene of the crime, that some of the items reported stolen had been found in an area between the location of the break-in and the place where the officers stopped the Pontiac, and that one of the occupants of that car had been arrested the preceding year for burglary. The officers then followed the Pontiac into the parking lot of a local convenience store. The officers asked the occupants to wait there for another officer, Detective Graham, to come and question them. Several minutes

later, after Detective Graham arrived, the officers asked the men to step out of the car so they could be questioned. Immediately after occupant McCorkle got out of the right front seat, Officer Helms saw a ring under the car seat. After further observation, he saw a silver watch and a black pouch which contained a gun. He then spoke with officers at the scene of the break-in and learned that these items matched the description of items reported stolen. All four men were then placed under arrest and taken to the police station. After he was taken to the police station and given the *Miranda* warnings, defendant issued an incriminating statement to the police.

## II

### A

Defendant contends that the second stop of the Pontiac in which he was travelling constituted an unlawful arrest without probable cause, and that his subsequent statement to the police was the fruit of that unlawful arrest and should be suppressed. Both the Fourth Amendment to the United States Constitution and N.C. Gen. Stat. Sec. 15A-401(b)(2) (1986) in compliance therewith provide that no arrest shall be made except upon probable cause that the individual has committed a crime. However, law enforcement officers may temporarily detain persons and conduct a spontaneous search for weapons, without offending the Fourth Amendment or our case law, if from the totality of the circumstances, the officer forms a reasonable suspicion that criminal activity may be afoot. *Terry v. Ohio*, 392 U.S. 1, 20 L.Ed. 2d 889 (1968), *accord State v. McZorn*, 288 N.C. 417, 219 S.E. 2d 201 (1975). In determining whether the officer's conduct was proper, we must examine the "objective and articulable facts known to the officer" at the time he stopped the vehicle, *State v. Tillett and State v. Smith*, 50 N.C. App. 520, 523, 274 S.E. 2d 361, 363 (1981); and "the circumstances surrounding the seizure must be viewed through the eyes of a reasonable and cautious police officer on the scene, guided by experience and training." *State v. Harrell*, 67 N.C. App. 57, 61, 312 S.E. 2d 230, 234 (1984), *citing State v. Thompson*, 296 N.C. 703, 252 S.E. 2d 776, *cert. denied*, 444 U.S. 907, 62 L.Ed. 2d 143 (1979).

This court found reasonable suspicion in *State v. Harrell*, 67 N.C. App. 57, 312 S.E. 2d 230 (1984) when the circumstances

known to the officer were that a security guard at Cannon Mills called police at 2:30 a.m. to report a suspected drug transaction in the parking lot and described one of the cars involved as a Chevrolet. The Cannon Mills parking lot was a known high crime area. When the officer arrived, he saw an occupied Chevrolet in the parking lot and stopped to investigate. In *State v. Adams*, 55 N.C. App. 599, 286 S.E. 2d 371 (1982) this court found reasonable suspicion when a police car was hailed at the scene of a convenience store robbery at 1:30 a.m. by a man who told the officer that he had just observed a white car exit an apartment complex across the street with its headlights turned off and that the car was then 300 yards away, about to enter the highway. As the officer looked up, he saw headlights alighting on a white car. He then stopped the car to investigate.

In the instant case, the circumstances known to officers Helms and Everhardt when they stopped defendant's car the second time were:

1. A house located within 200 to 400 yards of the place where they initially saw defendant had been burglarized 20 minutes earlier;

2. Four young, black males had been seen fleeing the area of the burglarized house;

3. Defendant and his companions matched that general description;

4. One of defendant's companions was arrested the previous year for housebreaking; and

5. Some of the allegedly stolen items had just been found in a field located between the burglarized house and defendant's initial location.

We hold that these circumstances created a reasonable suspicion of criminal activity, thus justifying a brief investigatory stop.

### B

In addition to being based on reasonable suspicion, an investigatory stop must be brief. *See Harrell.* Defendant, relying on *State v. Freeman*, 307 N.C. 445, 298 S.E. 2d 376 (1983), argues that the circumstances surrounding the second stop took on the

character of a full blown arrest. In *Freeman* a minor, who had been questioned earlier by police in the company of his mother, was picked up later and taken to police headquarters for three hours of questioning. The court held that the second seizure constituted an arrest. The intrusion on defendant's freedom in the case *sub judice* is fundamentally distinct from *Freeman* because defendant and his companions, all of whom were adults, were detained in a public place and remained in and around their own automobile for no more than six or seven minutes to await Officer Graham's arrival. A brief stop of an individual in order to maintain the status quo while obtaining more information does not violate the Fourth Amendment nor our case law. *See Harrell.*

The officers' discovery of allegedly stolen items in plain view after defendant and his companions got out of the car provided the critical ingredient to establish probable cause for arrest. Defendant was then taken into custody and advised of his "*Miranda* rights" before he issued the incriminating statement.

We find no error.

Judges JOHNSON and PARKER concur.