STATE OF NORTH CAROLINA v. ANGELO N. LYNCH

No. 887SC1062

(Filed 20 June 1989)

1. **Searches and Seizures § 43— evidence seized from person—motion to suppress—time for making**

The trial court could properly summarily deny defendant's motion to suppress evidence seized from his person, since a motion to suppress must be made prior to trial, but defendant failed to make his motion, not only prior to trial, but prior to admission of the evidence.

2. **Arrest and Bail § 6.2— resisting public officer—sufficiency of evidence**

Evidence was sufficient to sustain defendant's conviction for resisting a public officer where it tended to show that an officer mistakenly believed defendant to be a person for whom arrest warrants were outstanding; pictures of that person and defendant showed that they were sufficiently similar in appearance that the officer's mistake was not unreasonable; the officers stopped defendant's vehicle to ascertain his identity; the officers were lawfully discharging a duty of their office when they asked defendant to identify himself; once they did so, defendant attempted to flee; because defendant had not identified himself, the officers had no choice but to apprehend him in order to ascertain his identity; and defendant continued to struggle after the officers apprehended him.

APPEAL by defendant from Brown (Frank R.), Judge. Judgments entered 26 April 1988 in Superior Court, NASH County. Heard in the Court of Appeals 12 April 1989.

Defendant was tried and convicted of possession with intent to sell or deliver marijuana under G.S. 90-95(a)(1) and resisting public officers in the discharge of their duties under G.S. 14-223.

The State's evidence tended to show the following: On 31 December 1987, Officers Pipkin, Reams, and Pollard of the Rocky Mount Police Department were on patrol. The officers were riding in an unmarked car and were dressed in plain clothes. At approximately 5:30 P.M., the officers saw defendant standing on a street corner. Officer Pipkin mistakenly believed that defendant was Law-

STATE v. LYNCH

[94 N.C. App. 330 (1989)]

rence Branch. Officer Pipkin had warrants to arrest Branch for sale or delivery of cocaine. The officers circled around the block and returned to the corner where defendant had been standing. At that time, defendant had entered an automobile. The officers stopped the vehicle and Officer Pipkin approached the car, identified himself as a police officer, and asked defendant to identify himself. Defendant did not respond, jumped out of the car, and attempted to flee. The officers apprehended defendant and, after a brief struggle, took him into custody.

The officers initially arrested defendant for resisting public officers. After transporting defendant to the police station, Officer Reams noticed what appeared to be an envelope in defendant's mouth. With assistance from Officer Pipkin, Reams forcibly extracted seven small envelopes containing marijuana from defendant's mouth. At that time, the officers charged defendant with possession of marijuana with intent to sell or deliver.

At the close of the State's evidence, defendant moved to suppress the marijuana seized from his person and to dismiss the charges against him. The trial court denied defendant's motions and defendant presented no evidence. From judgments imposing concurrent sentences of four years for possession with intent to sell or deliver and six months for resisting a public officer, defendant appeals.

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General James P. Erwin, Jr., for the State.*

*Terry W. Alford for defendant-appellant.*

PARKER, Judge.

Defendant brings forward five assignments of error. Defendant's first three assignments of error are directed to the admission into evidence of the marijuana seized from his person. Defendant contends that the evidence was inadmissible because (i) the initial stop of defendant's vehicle was unconstitutional, (ii) defendant's arrest was unconstitutional, and (iii) the search of defendant's person and the seizure were unconstitutional in that they were the products of the illegal detention. Defendant's fourth assignment of error is that the trial court erred in denying his motion to dismiss the charges against him. His fifth assignment of error is that the trial court erred in accepting the verdicts of the jury.

STATE v. LYNCH

[94 N.C. App. 330 (1989)]

[1] By his first three assignments of error, defendant challenges the admissibility of evidence on the grounds that it was obtained in violation of his constitutional rights. The exclusive method of making such a challenge at trial is by a motion to suppress made in compliance with the requirements of Chapter 15A of the General Statutes. *State v. Harris*, 71 N.C. App. 141, 142, 321 S.E. 2d 480, 482 (1984). In this case, the trial court summarily denied defendant's motion to suppress. .

Subject to well-defined exceptions, a motion to suppress must be made prior to trial. G.S. 15A-975. Defendant has not shown that he comes within an exception to the general rule, and he not only failed to make his motion prior to trial but also failed to make it before the evidence was admitted. Because defendant's motion was not timely, the trial court could properly summarily deny the motion. *State v. Satterfield*, 300 N.C. 621, 625, 268 S.E. 2d 510, 514 (1980). Failure to make a proper motion to suppress constitutes a waiver of the right to challenge the admissibility of evidence on constitutional grounds. *Id.* at 624, 268 S.E. 2d at 513.

[2] Although defendant has waived his right to challenge the admissibility of the evidence that was seized from his person, we must nevertheless determine whether defendant's detention was illegal. Defendant's fourth assignment of error raises the issue of whether the trial court erred in failing to dismiss the charge of resisting a public officer. If the officers in this case acted illegally, then defendant was entitled to resist them and the motion to dismiss the charge should have been granted. *State v. McGowan*, 243 N.C. 431, 90 S.E. 2d 703 (1956); *State v. Hewson*, 88 N.C. App. 128, 362 S.E. 2d 574 (1987).

Defendant contends that his arrest was illegal because the officers attempted to arrest him under a warrant for the arrest of another individual and there was no probable cause to arrest defendant. The conduct proscribed under G.S. 14-223 is not limited to resisting an arrest but includes any resistance, delay, or obstruction of an officer in the discharge of his duties. The indictment in this case alleges that defendant attempted to run from and struggled with the officers while they were attempting to ascertain defendant's identity. Thus, defendant's conviction may be based upon his conduct prior to the time of his actual arrest. *Cf. State v. Davis*, 90 N.C. App. 185, 190, 368 S.E. 2d 52, 56 (1988) (dismissal required where indictment alleged post-arrest resistance and evi-

dence showed pre-arrest resistance). Therefore, we must examine the officers' conduct from the moment they first stopped defendant's vehicle.

Defendant contends that the initial stop of his vehicle was illegal. The officers stopped the vehicle for the purpose of ascertaining defendant's identity. A brief detention of an individual for this purpose is not an arrest but is, however, considered a seizure of the person subject to the requirements of the fourth amendment to the United States Constitution. *Brown v. Texas*, 443 U.S. 47, 99 S.Ct. 2637, 61 L.Ed. 2d 357 (1979). The fourth amendment requires that, in order to detain an individual, the police must have a reasonable suspicion of criminal activity based upon known and objective facts. *Id. See also State v. Williams*, 87 N.C. App. 261, 360 S.E. 2d 500 (1987). The suspicion need not concern ongoing criminal activity, but may relate to the individual's involvement in a past crime. *United States v. Hensley*, 469 U.S. 221, 229, 105 S.Ct. 675, 680, 83 L.Ed. 2d 604, 612 (1985).

In this case, Officer Pipkin testified that he mistakenly believed that defendant was another individual for whom arrest warrants had been issued. Pictures of defendant and the other individual show that they are sufficiently similar in appearance that the officer's mistake was not unreasonable. The United States Supreme Court has held that an arrest based upon a reasonable mistake as to the arrested individual's identity is valid. *Hill v. California*, 401 U.S. 797, 91 S.Ct. 1106, 28 L.Ed. 2d 484 (1971). Under the facts of this case, we need not decide whether the officer's initial mistake justified an arrest; it was at least sufficient to establish a reasonable basis to stop defendant and require him to identify himself. When an officer is unsure of the identity of a suspect, he must take reasonable steps to confirm the identity of the individual under suspicion. *United States v. Glover*, 725 F. 2d 120, 123 (D.C. Cir.), *cert. denied*, 466 U.S. 905, 104 S.Ct. 1682, 80 L.Ed. 2d 157 (1984). *See also Robinson v. City of Winston-Salem*, 34 N.C. App. 401, 406-07, 238 S.E. 2d 628, 631 (1977) (same duty imposed upon officers in civil action for false imprisonment).

In the present case, the officers were lawfully discharging a duty of their office when they asked defendant to identify himself. Once they did so, defendant attempted to flee. Because defendant had not identified himself, the officers had no choice but to apprehend him in order to ascertain his identity. Defendant continued

to refuse to identify himself after his arrest, and the officers testified that they still believed him to be the other individual up to the time that they discovered drugs on his person.

Defendant's reliance on *State v. Williams*, 32 N.C. App. 204, 231 S.E. 2d 282, *appeal dismissed*, 292 N.C. 470, 233 S.E. 2d 924 (1977), is misplaced. In *Williams*, this Court held that a defendant's flight from an unlawful attempt to arrest him was justified and could not be considered as a circumstance to establish probable cause for the arrest. *Id.* at 208, 231 S.E. 2d at 284-85. In this case, however, defendant fled from a lawful investigatory stop. Such flight may provide probable cause to arrest an individual for violation of G.S. 14-223. *See State v. McNeill*, 54 N.C. App. 454, 456, 283 S.E. 2d 565, 567 (1981).

We need not determine whether mere flight after an officer's request for identification is sufficient to sustain a conviction under G.S. 14-223. The State's evidence in this case shows that defendant continued to struggle after the officers apprehended him. For the purpose of ruling on a motion to dismiss, this evidence must be viewed in the light most favorable to the State. *State v. Brown*, 310 N.C. 563, 566, 313 S.E. 2d 585, 587 (1984). We find the evidence in this case to be sufficient to sustain defendant's conviction for resisting a public officer.

Defendant also contends that the trial court erred in failing to dismiss the charge of possession of marijuana with intent to sell or deliver. This contention is based upon defendant's prior arguments concerning the admissibility of the drugs seized from his person. Having held that defendant waived his right to challenge the admissibility of the evidence, we find no error in the trial court's denial of defendant's motion to dismiss the charge.

Defendant offers no additional arguments in support of his fifth assignment of error. Accordingly, the assignment is overruled.

For the foregoing reasons, we find that defendant's trial was free of reversible error.

No error.

Judges PHILLIPS and COZORT concur.