STATE OF NORTH CAROLINA
v.
AURTURA PEREZ REYES, aka ORLANDO MEDINA DeJESUS
No. COA07-693
Court of Appeals of North Carolina.
Filed December 18, 2007
This case not for publication
Attorney General Roy A. Cooper, III, by Assistant Attorney General J. Joy Strickland, for the State.
Appellate Defender Staples Hughes, by Assistant Appellate Defender Charlesena Elliott Walker, for defendant.
JACKSON, Judge.
Aurtura Perez Reyes ("defendant") appeals the denial of his motion to dismiss charges and motion to suppress evidence. For the reasons stated below, we affirm.
At approximately 8:00 p.m. on 20 July 2005, Sergeant Randy Binns ("Sergeant Binns"), Sergeant Jeff Dorsett ("Sergeant Dorsett"), and Officer Derek Burleson ("Officer Burleson") were patrolling a known high drug activity area when a burgundy Crown Victoria pulled out of a restaurant parking lot in front of them, causing them to have to brake to avoid an accident. The officers were in an unmarked Toyota 4Runner. The officers also noticed that the car's windows appeared to be tinted darker than legally allowed. The officers turned around in the restaurant parking lot and followed the car into a residential neighborhood where they pulled it over to initiate a traffic stop.
When the car stopped, it blocked a driveway. Sergeant Dorsett and Officer Burleson exited their vehicle and approached the passenger side of the Crown Victoria while Sergeant Binns radioed to request information about the vehicle. Before he was able to determine the registration of the vehicle, Sergeant Binns asked the other officers to have the car pull forward slightly so that it no longer blocked the driveway. The car did so, then "it was off to the races." Sergeant Dorsett and Officer Burleson returned to the 4Runner and pursued the car to a dead end, at which point defendant and the driver jumped out and ran towards the woods. Sergeant Binns and Officer Burleson pursued the driver on foot, while Sergeant Dorsett went after defendant.
Sergeant Dorsett caught defendant but had difficulty retraining him and called for assistance. Sergeant Binns abandoned his pursuit of the driver to assist Sergeant Dorsett with apprehending defendant. Sergeants Dorsett and Binns eventually handcuffed defendant and placed him in the back of a patrol car that had arrived on the scene. The driver of the burgundy Crown Victoria was not apprehended that day.
Sergeants Dorsett and Binns then searched the Crown Victoria. From the driver's area, Sergeant Binns recovered a receipt showing the date of the incident which listed a deck of playing cards, and an unopened deck of playing cards. Sergeant Dorsett found a redduffle bag in the floor behind the driver's seat. The bag contained what was later shown to be a kilo of cocaine.
Defendant was arrested on various drug charges. At the time of his arrest, defendant represented that his name was Orlando DeJesus, but signed a Miranda rights waiver form as Orlando S. Medina He was indicted by a Montgomery County Grand Jury on 6 September 2005 as "John Doe, AKA Orlando Medina DeJesus" of felony trafficking in cocaine by possession of more than 400 grams, felony trafficking in cocaine by transporting more than 400 grams, and felony conspiracy to traffick in cocaine by transporting more than 400 grams. He was later discovered to be Aurtura Perez Reyes and indicted under that name on 17 October 2005.
On 2 October 2006, defendant brought a motion to suppress evidence seized as a result of the warrantless seizure of his person. The motion was heard on 8 January 2007 and denied by order rendered at the hearing and entered 18 January 2007. Defendant's jury trial in this matter began 9 January 2007. He was tried on charges of possession with intent to sell and deliver cocaine, trafficking in cocaine by possession, and trafficking in cocaine by transportation. At the close of the State's evidence, the court granted defendant's motion to dismiss the charge of trafficking in cocaine by transportation and the State elected not to proceed on the possession with intent to sell and deliver charge. Defendant again moved the court to dismiss the trafficking by possession charge at the close of all the evidence, which was denied. On 10 January 2007, the jury returned a verdict of guilty for the charge of trafficking in cocaine by possession. The court sentenced defendant to a term of 175 to 219 months in the custody of the North Carolina Department of Correction. Defendant appeals the denial of his motion to dismiss the charge of trafficking of cocaine by possession and the denial of his motion to suppress evidence as the result of a warrantless seizure. For the reasons stated below, we affirm.
In his first assignment of error, defendant argues that the trial court erred in denying his motion to dismiss the charge of trafficking in cocaine by possession because the State failed to present sufficient evidence that defendant possessed the cocaine. We disagree.
This Court reviews a criminal defendant's motion to dismiss charges to determine "whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense." State v. Powell, 299 N.C. 95, 98, 261 S.E.2d 114, 117 (1980).
The evidence is to be considered in the light most favorable to the State; the State is entitled to every reasonable intendment and every reasonable inference to be drawn therefrom; contradictions and discrepancies are for the jury to resolve and do not warrant dismissal; and all of the evidence actually admitted, whether competent or incompetent, which is favorable to the State is to be considered by the court in ruling on the motion.
Id. at 99, 261 S.E.2d at 117 (citing State v. Thomas, 296 N.C. 236, 250 S.E.2d 204 (1978); State v. McKinney, 288 N.C. 113, 215 S.E.2d 578 (1975)). Substantial evidence has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." State v. Smith, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980) (citing Thompson v. Board of Education, 292 N.C. 406, 233 S.E.2d 538 (1977); Comr. of Insurance v. Rating Bureau, 292 N.C. 70, 231 S.E.2d 882 (1977)). If the State has presented such evidence, the motion is properly denied. Powell, 299 N.C. at 98, 261 S.E.2d at 117 (citations omitted).
Defendant was tried pursuant to North Carolina General Statutes, section 90-95(h)(3) which states in pertinent part:
Any person who . . . possesses 28 grams or more of cocaine . . . shall be guilty of a felony, which felony shall be known as "trafficking in cocaine" and if the quantity of such substance or mixture involved:
. . . .
c. Is 400 grams or more, such person shall be punished as a Class D felon and shall be sentenced to a minimum term of 175 months and a maximum term of 219 months in the State's prison and shall be fined at least two hundred fifty thousand dollars ($250,000).
N.C. Gen. Stat. § 90-95(h)(3) (2005). Therefore, the State in this case was required to present substantial evidence that defendant (1) had possession of a substance, (2) which substance proved to be cocaine, and (3) the substance weighed in excess of twenty-eight grams. Defendant does not argue that the substance was not cocaine weighing more than twenty-eight grams. The State may prove that a defendant possessed contraband materials by either actual or constructive possession. State v. Perry, 316 N.C. 87, 96, 340 S.E.2d 450, 456 (1986). Actual possession arises when a person has the substance on his person, is aware of its presence, and "either by himself or together with others he has the power and intent to control its disposition or use." State v. Reid, 151 N.C. App. 420, 428-29, 566 S.E.2d 186, 192 (2002) (citing State v. Crawford, 104 N.C. App. 591, 600, 410 S.E.2d 499, 504 (1991)). Constructive possession arises when a person does not have the substance on his person, but nonetheless "'has the intent and capability to maintain control and dominion over'" the substance. State v. Matias, 354 N.C. 549, 552, 556 S.E.2d 269, 270 (2001) (quoting State v. Beaver, 317 N.C. 643, 648, 346 S.E.2d 476, 480 (1986)). Constructive possession may be inferred when the substance is found in an area under the exclusive control of the person. See State v. Harvey, 281 N.C. 1, 12, 187 S.E.2d 706, 714 (1972). However, if the person does not have exclusive possession of the place where the substance is found, the State must show additional incriminating circumstances before constructive possession may be inferred. State v. Davis, 325 N.C. 693, 697, 386 S.E.2d 187, 190 (1989).
In the instant case, defendant did not have actual possession; the cocaine was not found on defendant's person; and defendant was not the driver of the car. Therefore, the State was required to present evidence of additional incriminating circumstances to allow an inference of constructive possession. The State presented the following circumstantial evidence: (1) the configuration of the front seat was such that the passenger could reach from the front passenger seat to the backseat; (2) defendant was in a car with darkly tinted windows; (3) defendant was in a high drug activity area; (4) defendant fled, then resisted arrest when caught; and (5) defendant gave a false name when arrested, and, in fact, gave multiple names. Further, at the time the cocaine was found, officers did not know that defendant was not the owner of the car. From these facts, the jury could infer that defendant knew the cocaine was behind the driver's seat and that he intended to exercise control over it with the driver.
Defendant's evidence also is to be considered in the light most favorable to the State when determining the sufficiency of evidence on a motion to dismiss. See Powell, 299 N.C. at 99, 261 S.E.2d at 117. Defendant testified that he left his house with the driver at 2:00 p.m. and that he was supposed to be at work at 5:00 p.m. The incident occurred at approximately 8:00 p.m. From this, the jury could infer that defendant would not have gone with the driver, knowingly missing work, unless he knew about the cocaine and intended to exercise control over it with the driver.
For these reasons, the State presented substantial evidence from which the jury could find beyond a reasonable doubt that defendant constructively possessed cocaine weighing more than 400 grams. Therefore, defendant's motion to dismiss the charge of trafficking in cocaine by possession was properly denied. This assignment of error is overruled. In defendant's second assignment of error, he argues that the trial court erred in denying his motion to suppress evidence because there was no reasonable, articulable suspicion or probable cause to believe that defendant had committed or was about to commit a crime to justify his seizure. He contends that although the officers could have legally stopped and arrested the driver, the officers had no grounds for believing that defendant had committed a crime in order to justify stopping and seizing him in violation of the Fourth Amendment protections against unreasonable seizure. We disagree.
Defendant does not challenge any of the trial court's findings of fact. When a defendant does not assign error to any findings of fact, those findings are presumed to be supported by competent evidence, State v. Pickard, 178 N.C. App. 330, 334, 631 S.E.2d 203, 206, disc. rev. denied, appeal dismissed, 361 N.C. 177, 640 S.E.2d 59 (2006) (citations omitted), and are conclusive and binding on appeal. State v. Jacobs, 162 N.C. App. 251, 254, 590 S.E.2d 437, 440 (2004) (citing Static Control Components, Inc., v. Vogler, 152 N.C. App. 599, 603, 568 S.E.2d 305, 308 (2002)). Therefore, "our review is limited to the question of whether the trial court's findings of fact . . . support its conclusions of law and judgment." Pickard, 178 N.C. App. at 334, 631 S.E.2d at 206 (citations omitted).
An officer may lawfully stop a person when he "observes unusual conduct which leads him reasonably to conclude in light of his experience that criminal activity may be afoot" in order to investigate. Terry v. Ohio, 392 U.S. 1, 30, 20 L. Ed. 2d 889, 911 (1968). Pursuant to an investigatory stop of a motor vehicle, an officer may be authorized to detain the driver and all passengers to investigate. See State v. Stone, 179 N.C. App. 297, 303, 634 S.E.2d 244, 248 (2006) (holding officer had reasonable suspicion of two traffic violations and lawfully conducted a brief detention of the occupants of the vehicle).
North Carolina General Statutes, section 14-223 provides: "[i]f any person shall willfully and unlawfully resist, delay or obstruct a public officer in discharging or attempting to discharge a duty of his office, he shall be guilty of a Class 2 misdemeanor." N.C. Gen. Stat. § 14-223 (2005). "Flight from a lawful investigatory stop 'may provide probable cause to arrest an individual for violation of G.S. 14-223.'" State v. Swift, 105 N.C. App. 550, 554, 414 S.E.2d 65, 68 (1992) (quoting State v. Lynch, 94 N.C. App. 330, 334, 380 S.E.2d 397, 399 (1989)).
"[W]hen a police officer has effected a lawful custodial arrest of an occupant of a vehicle, the officer may, as a contemporaneous incident of that arrest, conduct a search of the passenger compartment of the vehicle extending to the contents of containers found within the passenger compartment." State v. Cooper, 304 N.C. 701, 703-04, 286 S.E.2d 102, 103-04 (1982) (citing New York v. Belton, 453 U.S. 454, 69 L. Ed. 2d 768 (1981)). Evidence so obtained is competent against all occupants. See State v. Faison, 17 N.C. App. 200, 202, 193 S.E.2d 334, 336 (1972), cert. denied, 283 N.C. 258, 195 S.E.2d 690 (1973) ("Evidence obtained pursuant to the search of an automobile with the permission of the one in possession is competent against him and the occupants.") (citing State v. Hamilton, 264 N.C. 277, 141 S.E.2d 506 (1965)) (emphasis added).
Applying these legal principles, the trial court concluded as a matter of law: (1) the officers had the authority to make an investigatory stop of the Ford Crown Victoria; (2) because the investigatory stop was legal, defendant had no right to resist; (3) defendant's flight from a lawful investigatory stop contributed to probable cause that he was in violation of section 14-223; (4) with probable cause, the officers could arrest defendant for resisting arrest; (5) pursuant to the arrest, the officers had the right to search the passenger portion of the Ford, including any container within the passenger compartment; and (6) defendant's motion to suppress should be denied.
Defendant does not argue that the initial stop of the vehicle was illegal. Further, this conclusion of law is supported by the trial court's extensive recitation of the facts surrounding the initial stop of the car. Because the stop was legal, the trial court correctly concluded that defendant had no right to resist.
The trial court found as fact that defendant fled the scene on foot. This finding supports its conclusions with respect to "resisting arrest." Although the trial court referred to this statute as "resisting arrest," "[t]he conduct proscribed . . . is not limited to resisting an arrest but includes any resistance, delay, or obstruction of an officer in the discharge of his duties." Lynch, 94 N.C. App. at 332, 380 S.E.2d at 398. When the driver and defendant fled the scene, they caused the officers' investigation of the suspected traffic violations, a discharge of their duties, to be obstructed or delayed. Although defendant, as a passenger in the car, may not have had a choice when the car first drove off, his subsequent flight on foot further delayed or obstructed the officers' investigation in violation of section 14-223.
In support of its final conclusions of law, the trial court made findings of fact with respect to defendant's detention, the search of the car, and the evidence recovered pursuant to that search.
Because the trial court's decision to deny defendant's motion to suppress was based on validly supported conclusions of law, the trial court correctly denied defendant's motion to suppress. Therefore, this assignment of error is overruled.
For the foregoing reasons, we affirm the denial of defendant's motion to dismiss the charge of trafficking in cocaine by possession and motion to suppress evidence.
Affirmed.
Judges TYSON and ARROWOOD concur.
Report per Rule 30(e).