STATE OF NORTH CAROLINA
v.
LAMELL JESSE SATTERWHITE
No. COA09-519.
Court of Appeals of North Carolina.
Filed December 22, 2009.
This case not for publication
Attorney General Roy Cooper, by Special Deputy Attorney General Elizabeth N. Strickland, for the State.
Carol Ann Bauer, for defendant-appellant.
CALABRIA, Judge.
Lamell Jesse Satterwhite ("defendant") appeals from a judgment entered upon a jury verdict finding him guilty of possession of a firearm by a felon and resisting a public officer. We find no error.
On the morning of 30 July 2007, Major Frank Bradley Stanley ("Major Stanley") of the Forsyth County Sheriff's Department was traveling in an unmarked police vehicle on Interstate 40 toward downtown Winston-Salem, North Carolina. Major Stanley observed a green Hyundai Elantra turn onto an emergency cut-through connecting the east-bound and west-bound lanes of Interstate 40 and pull into oncoming traffic. Major Stanley maneuvered behind the car, activated his blue lights and stopped the car. In the car, Major Stanley saw a driver and a passenger in the front seat, later identified as defendant.
To avoid oncoming traffic, Major Stanley approached the car from the passenger side. Major Stanley asked for the driver's license and registration, and defendant passed him some documents through a narrow opening in the passenger's window. Major Stanley then saw the driver reach underneath the passenger's front seat and pick up a dark object which appeared to be the grip of a handgun. Major Stanley immediately ordered the driver to show his hands. The driver failed to do so and Major Stanley stepped back and drew his handgun, screaming, "Let me see your hands. Let me see your hands." At the same time, the driver hit the car's accelerator and fled.
Major Stanley returned to his vehicle, requested assistance over his radio, and gave chase. He caught up to the Elantra after it had collided with two other vehicles a short distance down the Interstate. Both the driver and passenger doors were open, and the Elantra was unoccupied. Other officers arrived to provide assistance and bystanders informed Major Stanley that the driver and defendant had run into some nearby woods. Major Stanley and the other officers pursued defendant and the driver into the woods.
Major Stanley came out of the woods onto a nearby street and observed defendant some distance away as he ran between two houses. Major Stanley relayed defendant's location and heading to other officers and shortly thereafter assisting officers located defendant and arrested him.
Defendant was subsequently indicted and tried in Forsyth County Superior Court beginning 3 December 2008 for the offenses of possession of a firearm by a felon, possession of a stolen firearm, and resisting a public officer. At trial, defendant moved to dismiss all charges at the close of the State's evidence and renewed his motion upon his decision to not present evidence in his defense. The trial court denied these motions.
On 5 December 2008, the jury returned verdicts of guilty to the charges of possession of a firearm by a felon and resisting a public officer. The jury also returned a verdict of not guilty for the charge of possession of a stolen firearm. Defendant was sentenced to a minimum of thirteen months to a maximum of sixteen months in the North Carolina Department of Correction. Defendant appeals.
Defendant's sole argument on appeal is that the trial court erred in denying his motion to dismiss the charge of resisting a public officer, because the State failed to present evidence sufficient to support his conviction. We disagree.
"In ruling on a defendant's motion to dismiss, the trial court must determine whether the State has presented substantial evidence (1) of each essential element of the offense and (2) of the defendant's being the perpetrator." State v. Boyd, 177 N.C. App. 165, 175, 628 S.E.2d 796, 804 (2006) (citing State v. Robinson, 355 N.C. 320, 336, 561 S.E.2d 245, 255, cert. denied, 537 U.S. 1006, 123 S.Ct. 488, 154 L. Ed. 2d 404 (2002)). "`Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Id. (quoting State v. Matias, 354 N.C. 549, 552, 556 S.E.2d 269, 270 (2001)). "When considering a motion to dismiss, the trial court must view all of the evidence presented `in the light most favorable to the State, giving the State the benefit of every reasonable inference and resolving any contradictions in its favor.'" Id. at 175, 628 S.E.2d at 804-05 (quoting State v. Rose, 339 N.C. 172, 192, 451 S.E.2d 211, 223 (1994), cert. denied, 515 U.S. 1135, 115 S. Ct. 2565, 132 L. Ed. 2d 818 (1995)). "[H]owever, if the evidence `is sufficient only to raise a suspicion or conjecture as to either the commission of the offense or the identity of the defendant as the perpetrator, the motion to dismiss must be allowed[.]'" State v. Grooms, 353 N.C. 50, 79, 540 S.E.2d 713, 731 (2000), cert. denied, 534 U.S. 838, 151 L. Ed. 2d 54 (2001) (citation omitted).
To survive a motion to dismiss a charge of resisting a public officer, the State must present substantial evidence:
1) that the victim was a public officer;
2) that the defendant knew or had reasonable grounds to believe that the victim was a public officer;
3) that the victim was discharging or attempting to discharge a duty of his office;
4) that the defendant resisted, delayed, or obstructed the victim in discharging or attempting to discharge a duty of his office; and
5) that the defendant acted willfully and unlawfully, that is intentionally and without justification or excuse.
State v. Sinclair, ___ N.C. App. ___, ___, 663 S.E.2d 866, 870 (2008) (citation and quotations omitted); see also N.C. Gen. Stat. § 14-223 (2007) (providing "any person [who] shall willfully and unlawfully resist, delay or obstruct a public officer in discharging or attempting to discharge a duty of his office, . . . shall be guilty of a Class 2 misdemeanor"). "The conduct proscribed under G.S. 14-223 is not limited to resisting an arrest but includes any resistance, delay, or obstruction of an officer in the discharge of his duties." State v. Lynch, 94 N.C. App. 330, 332, 380 S.E.2d 397, 398 (1989). This Court has concluded that flight from a lawful investigatory stop "may provide probable cause to arrest an individual for violation of G.S. 14-223." Id. at 334, 380 S.E.2d at 399.
Defendant argues that the State failed to present sufficient evidence that defendant wilfully and unlawfully resisted, delayed or obstructed Major Stanley as he was attempting to discharge his duty of investigating the traffic stop. Defendant argues he did not have a duty to cooperate with Major Stanley as a result of the traffic stop and contends that he "had no obligation to stay with the motor vehicle as he was not the subject of the original stop." Further, defendant argues that because he "had no control over the motor vehicle, the actions of the driver cannot be attributed to [him] to say that he willfully fled in a motor vehicle." Defendant's arguments are misplaced.
The indictment for resisting a public officer charged that defendant
unlawfully and willfully did resist, delay and obstruct F.B. STANLEY, a public officer holding the office of DEPUTY SHERIFF, by ATTEMPTING TO STOP THE DEFENDANT IN A MOTOR VEHICLE AND THE DEFENDANT RAN FROM THE VEHICLE AND CAUSING THE DEPUTY TO ENGAGE IN A FOOT PURSUIT. At this time, the officer was discharging and attempting to discharge a duty of his office, PERFORM A TRAFFIC STOP.
Pursuant to an investigatory stop of a motor vehicle, an officer may detain the driver and any other occupants of the vehicle. See State v. Stone, 179 N.C. App. 297, 303, 634 S.E.2d 244, 248 (2006) (holding an officer had reasonable suspicion of two traffic violations and lawfully conducted a brief detention of the occupants of the vehicle, the officer's seizure of a passenger in the stopped vehicle was justified). Defendant was thus a subject of the original stop. Additionally, while, as a passenger in the car, defendant may not have had a choice when the driver first sped off, his subsequent flight on foot after the driver collided with other vehicles obstructed and delayed Major Stanley's investigation in and of itself. We hold that the State presented substantial evidence of each element of the charge of resisting a public officer, sufficient to overcome defendant's motion to dismiss and present the matter to the jury. See State v. Shearin, 170 N.C. App. 222, 612 S.E.2d 371 (holding the State's evidence was sufficiently substantial to survive defendant's motion to dismiss where the State presented evidence that an officer had stopped a car in which the defendant was a passenger and, after conducting sobriety tests on the driver, the officer asked the defendant to exit the vehicle and to submit to a frisk, whereupon the defendant fled), appeal dismissed and disc. review denied, 360 N.C. 75, 624 S.E.2d 369 (2005). This assignment of error is overruled.
Defendant's remaining assignment of error set forth in the record on appeal, but not argued in his brief to this Court, is deemed abandoned. N.C.R. App. P. 28(b)(6) (2008). Accordingly, we hold defendant received a fair trial, free from error.
No error.
Judges WYNN and STROUD concur.
Report per Rule 30(e).