STATE OF NORTH CAROLINA v. ISAAC KEMP MASSENBURG

No. 8310SC447

(Filed 17 January 1984)

1. **Searches and Seizures §§ 11, 34— warrantless search of locked glove compartment in automobile—proper**

     After approaching an automobile in a public parking lot and smelling marijuana, officers had probable cause to arrest defendant. Further, after the lawful arrest of the occupant of the automobile, the police properly made a contemporaneous warrantless search of the locked passenger compartment of the automobile where they found heroin. The scope of the search is not defined by the nature of the container in which the contraband is secreted but is defined by the object of the search and the places in which there is probable cause to believe it may be found.

2. **Narcotics § 4.7— failure to charge on lesser offenses proper**

     In a prosecution for possession of four grams or more but less than 14 grams of heroin in violation of G.S. 90-95(h)(4), the trial court properly failed to instruct on the lesser included offense of simple possession of heroin where the State's evidence clearly showed that defendant possessed 5.4 grams of heroin and an FBI chemist testified that the substance was weighed on an electronic balance, which scale was serviced once a year, and that he did not calibrate the machine immediately prior to weighing the substance.

3. **Criminal Law § 99.3— allowing district attorney to distribute exhibits to jury—no expression of opinion by court**

     The court's action in ordering the district attorney who prosecuted the case to distribute exhibits to the jury rather than ordering the courtroom personnel to perform the task was in no way an expression of opinion as to defendant's guilt or innocence.

APPEAL by defendant from *Britt (Samuel E.), Judge.* Judgment entered 4 January 1983 in Superior Court, WAKE County. Heard in the Court of Appeals 2 December 1983.

Defendant was tried on an indictment charging him with possession of four grams or more but less than fourteen grams of heroin in violation of G.S. 90-95(h)(4). The evidence tends to show that on 29 September 1981 at 2:00 p.m., defendant and two of his

friends went in defendant's automobile to a shopping center at the intersection of Oakwood and Hill Street in Raleigh. Immediately prior to defendant's arrival at the shopping center, two detectives of the Raleigh Police Department's Drug and Vice Division came to the area. One of the detectives, Detective Longmire, had worked in the area of Oakwood and Hill Street before and knew that it had a reputation for having heroin available there.

At the shopping center, the detectives observed defendant arrive and park his car. They watched the vehicle for a few minutes and saw a number of persons walking up to the vehicle, standing a short period of time and then leaving. Detective Longmire recognized the defendant as a person he had arrested for possession of marijuana several years earlier. Based on this information, the detective concluded there was a possibility that the occupants in the vehicle were selling some type of drug.

The detectives then approached the car and upon doing so, smelled the odor of burning marijuana. The detectives ordered the occupants to get out of the car which they did. As defendant got out of the automobile, he placed the car keys in his pocket. When told by the detectives that they were going to search the car as an emergency search, defendant said they would only find a "little bit" of marijuana. Upon searching the car, the detectives did find a small amount of marijuana.

During this initial search, the detectives did not open a locked glove compartment in the car. They asked defendant for the keys to the glove compartment but defendant refused to give them to the detectives. The detectives thereupon arrested defendant for possession of marijuana and seized the keys. Upon opening the glove compartment, the detectives found a material which was later determined to be heroin.

At trial the State introduced into evidence the heroin found in the glove compartment of defendant's automobile. Defendant denied knowledge that the heroin was in the car and stated that other persons had access to his car and its keys. The jury found defendant guilty as charged. From the conviction and the sentence imposed thereon, defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General Dennis P. Myers, for the State.*

*DeBank, McDaniel, Heidgerd and Holbrook, by C. D. Heidgerd, for defendant appellant.*

WEBB, Judge.

[1] Defendant assigns as error the admission into evidence of the heroin found in the locked glove compartment of his automobile. He first argues, relying on *State v. Thompson,* 296 N.C. 703, 252 S.E. 2d 776, *cert. denied, Thompson v. North Carolina,* 444 U.S. 907, 100 S.Ct. 220, 62 L.Ed. 2d 143 (1979), that the officers had no right to approach his automobile. *Thompson* deals with the right of officers to approach and detain persons suspected of crime. It has no application to the approach of the officers to the defendant's car in this case. The automobile was in a public parking lot. "No one is protected by the Constitution against the mere approach of police officers in a public place." *United States v. Hill,* 340 F. Supp. 344 (E.D. Pa. 1972). After approaching the automobile and smelling marijuana, the officers had probable cause to arrest the defendant, which they did.

Secondly, defendant argues the seizure of the heroin from the glove compartment of his car violated his rights under the fourth amendment to the United States Constitution against unreasonable search and seizure.

In *New York v. Belton,* 453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed. 2d 768, *reh'g denied,* 453 U.S. 950, 102 S.Ct. 26, 69 L.Ed. 2d 1036 (1981), *remanded, People v. Belton,* 55 N.Y. 2d 49, 432 N.E. 2d 745, 447 N.Y.S. 2d 873 (1982), the Supreme Court held that when a police officer makes a lawful arrest of the occupant of an automobile, he may make a contemporaneous warrantless search of the passenger compartment of the automobile. Defendant argues the Court in *Belton* did not extend the search incident to arrest principle to permit the warrantless search of a locked glove compartment in the automobile. We disagree.

The Supreme Court in *Belton* stated: "It follows from this conclusion that the police may also examine the contents of any containers found within the passenger compartment, for if the passenger compartment is within reach of the arrestee, so also

will containers in it be within his reach." *New York v. Belton,* 453 U.S. at 460, 101 S.Ct. at 2864, 69 L.Ed. 2d at 775. In a footnote to the passage quoted above, the Court explained further:

> "Container" here denotes any object capable of holding another object. It thus includes closed or open glove compartments, consoles, or other receptacles located anywhere within the passenger compartment, as well as luggage, boxes, bags, clothing, and the like. Our holding encompasses only the interior of the passenger compartment of an automobile and does not encompass the trunk.

*Id.* at 460, n. 4, 101 S.Ct. at 2864, n. 4, 69 L.Ed. 2d at 775, n. 4.

While we admit there is some difference between a locked glove compartment and a closed but unlocked one, we do not believe the Supreme Court intended to make a distinction between them with respect to a search incident to arrest. In the recent case of *United States v. Ross,* 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed. 2d 572 (1982), the Supreme Court held that where police officers have probable cause to search a vehicle, they may conduct a warrantless search of every part of the vehicle, including all containers and packages within it, that may conceal the object of the search, that is, as thorough as a magistrate could authorize in a warrant particularly describing the place to be searched. The scope of the search is not defined by the nature of the container in which the contraband is secreted but is defined by the object of the search and the places in which there is probable cause to believe it may be found. *United States v. Ross, supra* at 824, 102 S.Ct. at 2172, 72 L.Ed. 2d at 593. Furthermore, the Court stated: "A lawful search of fixed premises generally extends to the entire area in which the object may be found and is not limited by the possibility that separate acts of entry or opening may be required to complete the search." *Id.* at 820-821, 102 S.Ct. at 2170, 72 L.Ed. 2d at 591.

We conclude from our reading of these two cases that the Supreme Court has evidenced an intent to allow a warrantless search of a locked glove compartment pursuant to a lawful arrest. For this reason, we reject defendant's second argument and hold that the heroin seized from the glove compartment was properly admitted into evidence.

State v. Massenburg

[2]  Next, defendant contends the court erred in refusing to submit to the jury the lesser included offense of simple possession of heroin. In support of this contention, defendant cites the testimony of an SBI chemist which revealed that the electronic scale on which the heroin was weighed had not been calibrated by the chemist immediately prior to weighing the heroin. The court is not required to submit lesser degrees of the offense to the jury when the State's evidence is positive to each and every element of the crime charged and there is no conflicting evidence relating to any element of the charged crime. *See State v. McKinnon,* 306 N.C. 288, 293 S.E. 2d 118 (1982); *State v. Harvey,* 281 N.C. 1, 187 S.E. 2d 706 (1972) and cases cited therein. The State's evidence clearly shows that defendant possessed 5.4 grams of heroin. The witness testified that the substance was weighed on an electronic balance which is based on an electronic impulse, which scale was serviced by a company in Georgia once a year. The machine was calibrated "either in August or September." We do not believe the witness' statement on cross-examination that he had not calibrated the machine immediately prior to weighing the substance rises to the level of evidence to support a lesser included offense. This assignment of error is overruled.

[3]  Defendant further contends the court erred in ordering the district attorney who prosecuted the case to distribute the exhibits to the jury rather than ordering the courtroom personnel to perform this task. He argues the court's action could have led the jury to believe the court was giving greater deference to the State's position than to defendant's position, thus prejudicing the jury against defendant. We do not believe the court's action was in any way an expression of opinion as to defendant's guilt or innocence. This assignment of error is overruled.

Defendant assigns as error the court's refusal to allow him on redirect examination to state that he had been a patient at Dorothea Dix Hospital and had been diagnosed as "manic depressant." Defendant wished to offer such evidence to explain his testimony on cross-examination wherein he denied that he was guilty of certain other crimes of which he had been convicted. He argues the jury should have been allowed to consider evidence of his mental illness in evaluating his credibility. Assuming, *arguendo,* that the court erred in excluding this evidence, we believe

such error was harmless. We hold defendant had a fair trial free from prejudicial error.

No error.

Judges WELLS and WHICHARD concur.