STATE OF NORTH CAROLINA v. MILTON SWIFT

No. 9126SC536

(Filed 3 March 1992)

**1. Arrest and Bail § 95 (NCI4th)— resisting an officer—proper officer named—indictment not defective**

There was no merit to defendant's contention that an indictment charging him with resisting an officer was fatally defective because it named the wrong officer, since there was ample evidence that defendant resisted the named officer by running away when the officer told defendant to come back; moreover, though naming the wrong officer would make an indictment defective, in this case either or both officers could have been named.

**Am Jur 2d, Indictments and Informations §§ 128, 129; Obstructing Justice §§ 90, 91.**

**2. Arrest and Bail § 111 (NCI4th)— resisting arrest—flight of defendant—defendant not legally entitled to flee**

There was no merit to defendant's argument that he was legally entitled to flee from officers because they did not have reasonable suspicion to stop him where officers were summoned to a Fast Fare parking lot to investigate a complaint of illegal conduct; the officers observed defendant emerge from a car and place a beer can down on the ground; as the Fast Fare had only an off-premises license, this action gave officers reasonable suspicion to believe that defendant committed a misdemeanor; his immediate flight led them to believe that he would not be apprehended unless immediately arrested; and beginning an investigation of illegal consumption with a request for identification was reasonably related.

**Am Jur 2d, Obstructing Justice § 92.**

STATE v. SWIFT

[105 N.C. App. 550 (1992)]

3. **Searches and Seizures § 15 (NCI3d)— search of vehicle — standing of passenger to challenge — scope of search proper — evidence admissible**

Defendant did not have standing to challenge the search of a car in which he claimed to be a mere passenger, even if the car owner left defendant with the car in order to protect the car from others, since this guardianship was neither owner-ship nor the right to exclusive possession; moreover, even if defendant did have standing, the officers had a duty to secure the vehicle after arresting defendant, and searching the vehicle to determine its owner was reasonable so that evidence found pursuant to this search was properly admitted.

**Am Jur 2d, Searches and Seizures §§ 16, 96.**

APPEAL by defendant from judgment entered 4 April 1991 by *Judge J. Marlene Hyatt* in MECKLENBURG County Superior Court. Heard in the Court of Appeals 18 February 1992.

*Attorney General Lacy H. Thornburg, by Special Deputy Attorney General James Peeler Smith, for the State.*

*Public Defender Isabel Scott Day, by Assistant Public Defender William M. Davis, Jr., for defendant.*

LEWIS, Judge.

Defendant was indicted and convicted of resisting a public officer, carrying a concealed weapon, and trafficking in drugs. Three consecutive sentences of six months, six months and seven years were imposed.

The State's evidence tended to show that on 28 August 1990, defendant was sitting in a car in a Fast Fare parking lot talking to three females. Officers Hurley and Dugan were on duty and were parked behind the Fast Fare in their patrol cars. At approximately 3:00 p.m. this same day, Officers Hurley and Dugan received calls to respond to a complaint about females drinking beer in the Fast Fare parking lot. Arriving first, Officer Hurley parked three spaces from the females. Officer Dugan parked next to the vehicle in which defendant was sitting. Defendant exited the car from the driver's side and placed a beer down beside the car when the officers entered the lot. Officer Hurley approached and asked defendant for a driver's license. Defendant said he did not have

one and fled. Officer Dugan approached and ordered defendant to come back. Both officers pursued. Officer Dugan caught and Officer Hurley assisted in detaining and handcuffing defendant. Defendant was arrested for resisting an officer and was placed in Officer Dugan's patrol car.

Officer Dugan checked the license plate numbers with the Department of Motor Vehicles, but the computer was not functioning. Unable to determine the identity of the registered owner via the computer, Officer Dugan looked into the car for the registration papers. He opened the driver's door, noticed an attache case protruding from under the driver's side floor mat. He opened the case to find a handgun concealed within. Still looking for the registration, Officer Dugan searched the glove compartment, but did not find anything. In a compartment between the bucket seats, he found ninety-nine individually tied bags of white powder and a bag containing a larger white substance which was referred to as "rock." This white powder was later determined to be cocaine. Upon a second search of the glove compartment, Officer Dugan found a doctor or dentist's appointment card with defendant's name on it.

Defendant's evidence tended to show that his friend Joe picked him up in the car in which he had been sitting. They drove to the Fast Fare, argued, and Joe went into the store leaving defendant to guard the car. Defendant went into the store and purchased a beer for himself and sodas for the three females. Defendant saw the police cars enter the parking lot, saw both Officers Hurley and Dugan approach him, and heard Officer Dugan order him to come back. Defendant maintains that he ran because he thought that drinking the beer violated his parole. Defendant denied owning the car or its contents, denied driving the car, and denied granting the officers permission to search the car.

Defendant assigns three errors: (1) failure to dismiss the charge of resisting an officer which was predicated on a fatally defective indictment; (2) failure to dismiss the same charge due to insufficiency of the evidence, and (3) failure to suppress the evidence retrieved from the car due to lack of probable cause necessary for such a search. We find no such errors.

[1] Defendant alleges that the indictment charging him with resisting an officer is fatally defective because it names the wrong officer. He claims that if he resisted anyone, he resisted Officer

Hurley, not Officer Dugan who was named in the indictment. In *State v. Eason*, 242 N.C. 59, 86 S.E. 2d 774 (1955), our Supreme Court held that an indictment for the charge of resisting an officer must: 1) identify the officer by name, 2) indicate the official duty being discharged, and 3) indicate generally how defendant resisted the officer. Indictments and warrants have been found fatally defective where the document stated only that the defendant "did obstruct, and delay a police officer by resisting arrest," *State v. Smith*, 262 N.C. 472, 137 S.E. 2d 819, 820 (1964), and where the document stated that defendant resisted "a Highway Patrolman." *Eason*, 242 N.C. App. at 61, 86 S.E. 2d at 776. Though the practice is discouraged, this Court upheld a warrant's reference to the officer as "this affiant" where the officer was specifically identified as the affiant elsewhere in the document. *State v. Powell*, 10 N.C. App. 443, 445, 179 S.E. 2d 153, 155 (1971).

In the case at bar, the indictment alleges that: "Milton Swift did unlawfully, willfully resist, delay, and obstruct M. J. Dugan, a public officer, holding the office of Charlotte Police officer, by running from the said officer. At the time, the officer was discharging and attempting to discharge a duty of his office by conducting an investigation." This indictment meets *Eason*'s three requirements. As such, it is not defective. There was ample evidence that defendant resisted Officer Dugan. On direct examination, defendant testified:

Mr. Davis: But you actually ran from Officer Hurley?

Defendant: Not exactly. He asked me for my license and I told him I didn't have any. I started to walking off. And then by the time I started walking off, then I see Officer Dugan come up and he said something like come back here, and then I just ran, you know, because I had the beer. You know, if I hadn't had the beer I wouldn't have ran. So by this time they had me in the police car. Officer Dugan came back with the gun. He had the gun in his hand. I said please don't touch that gun.

It is apparent that defendant saw both officers drive into the lot, saw Officer Dugan approach him, heard Officer Dugan request him to return, and must have known both officers were chasing him. Officer Dugan actually captured defendant and placed him in his patrol car with Officer Hurley merely assisting.

In addition, the record does not reflect any confusion as to whom defendant was alleged to have resisted. In charging the jury on the elements of resisting an officer, the judge repeatedly referred to Officer Dugan by name rather than by a generic term such as "police," "officer," "sheriff" or "big hat." Lack of the officer's name makes an indictment defective, as would the wrong name. Here, either or both officers could have been named. It was not necessary to name both when either would do.

Defendant is charged with resisting an officer. The statute provides:

> If any person shall willfully and unlawfully resist, delay or obstruct a public officer in discharging or attempting to discharge a duty of his office, he shall be guilty of a misdemeanor punishable by a fine not to exceed five hundred dollars ($500.00), imprisonment for not more than six months, or both.

N.C.G.S. § 14-223 (1986). A person is entitled to resist an illegal, but not a legal, arrest. *State v. McGowan*, 243 N.C. 431, 90 S.E. 2d 703 (1956). Not only may a person resist, but his subsequent flight from an unlawful arrest can not be considered as a circumstance to establish probable cause for an arrest. *State v. Williams*, 32 N.C. App. 204, 208, 231 S.E. 2d 282, 284-85, *appeal dismissed*, 292 N.C. 470, 233 S.E. 2d 924 (1977). Flight from a lawful investigatory stop "may provide probable cause to arrest an individual for violation of G.S. 14-223." *State v. Lynch*, 94 N.C. 330, 334, 380 S.E. 2d 397, 399 (1989) (citation omitted). Indeed, the Biblical provision that "[t]he wicked flee when no man pursueth," Proverbs 28:1, does not have the force of law. The innocent may flee if frightened enough.

[2] Defendant argues that he was legally entitled to flee from the officers because they did not have reasonable suspicion to stop him. We note that "[n]o one is protected by the Constitution against the mere approach of police officers in a public place." *State v. Streeter*, 283 N.C. 203, 208, 195 S.E. 2d 502, 506 (1973) (citing, *United States v. Hill*, 340 F. Supp. 344 (E.D. Pa. (1972) ). Defendant is correct only if the officers attempted an illegal investigatory stop. *See, State v. Lynch*, 94 N.C. 330, 380 S.E. 2d 397 (1989). An investigatory stop does not constitute an unreasonable seizure nor violate an individual's Constitutional rights if: the officers' actions are both "justified at the inception, and . . . reasonably related in scope to the circumstances which justified the interference in

the first place." *State v. Thompson,* 296 N.C. 703, 706, 252 S.E. 2d 776, 779, *cert denied,* 444 U.S. 907, 62 L. Ed. 2d 143, 100 S. Ct. 220 (1979) (*citing, Terry v. Ohio,* 392 U.S. 1, 20 L. Ed. 2d 889, 88 S. Ct. 1868 (1968) ). To stop a suspicious individual to determine his identity or to gather more information, the United States Supreme Court requires "specific and articulable facts, which taken together with rational inferences from those facts, reasonably warrant [the] intrusion." *Thompson,* 296 N.C. at 706, 252 S.E. 2d at 779. Our Supreme Court "requires only that the officer have a 'reasonable' or 'founded' suspicion as justification for a limited investigative seizure." *Id.*

Officers Hurley and Dugan were summoned to the Fast Fare parking lot to investigate a complaint of illegal conduct. Drinking beer on the grounds of an establishment which has an off-premises license is a misdemeanor. N.C.G.S. § 18B-300(b) (1989). An officer "may arrest without a warrant any person who the officer has probable cause to believe: . . . (b) [h]as committed a misdemeanor; and: (1) will not be apprehended unless immediately arrested. . . ." N.C.G.S. § 15A-401(b)(2) (cum. sup. 1991). The officers observed defendant emerge from the car and place a beer can down on the ground. As the Fast Fare parking lot has only an off-premises license, this action gave the officers "reasonable suspicion to believe" that defendant committed a misdemeanor. His immediate flight led them to believe that he would not be apprehended unless immediately arrested. Approaching defendant was justified and reasonable in its scope. Beginning an investigation of illegal consumption with a request for identification is reasonably related under the circumstances. For their own safety, officers need to know the name of the citizen with whom they are dealing. In addition, the officers had an obligation to determine whether defendant was old enough to possess the alcoholic beverage in the first place. A driver's license would provide a name and a date of birth.

Because the investigatory stop was legal, defendant did not have a right to resist. His subsequent flight from a lawful investigatory stop contributed to probable cause that defendant was in violation of both N.C.G.S. § 18B-300(b) as well as N.C.G.S. § 14-223. *See, State v. Lynch,* 94 N.C. 330, 380 S.E. 2d 397 (1989). With probable cause, the officers were entitled to arrest defendant for resisting an officer.

STATE v. SWIFT

[105 N.C. App. 550 (1992)]

**[3]** Defendant claims that Officer Dugan's search of the car violates his fourth amendment right against unreasonable searches and seizures and that the evidence seized as a result must be suppressed. In order to challenge the reasonableness of a search or seizure, defendant must have standing. Standing requires both an ownership or possessory interest and a reasonable expectation of privacy. A person who owns, has the right to exclusive possession, or actually lives in the area searched has standing. *Minnesota v. Olson*, 495 U.S. 91, 109 L. Ed. 2d 85, 110 S. Ct. 1684 (1990). In the case at bar, defendant did not own, nor did he have the right to possession of the car from which he fled. Defendant's evidence revealed that the alleged car owner left defendant with the car in order to protect the car from others. This guardianship is neither ownership nor the right to exclusive possession. Therefore, defendant does not have standing to challenge the search of the car. A mere passenger, which defendant claims to be, does not have an expectation of privacy in the glove compartment, the area under the seats, or in the boot. *Rakas v. Illinois*, 439 U.S. 128, 58 L. Ed. 2d 387, 99 S. Ct. 421 (1978), *reh'g denied*, 439 U.S. 1122, 59 L. Ed. 2d 83, 99 S. Ct. 1035 (1979). The defendant may not assert a violation of the car owner's fourth amendment rights under these circumstances.

Even if defendant had standing, the officers had a right to search the passenger portion of the car pursuant to the arrest. *State v. Massenburg*, 66 N.C. App. 127, 310 S.E. 2d 619 (1984); *New York v. Belton*, 453 U.S. 454, 69 L. Ed. 2d 768, 101 S. Ct. 2860 (1981). Any container within the passenger compartment, which is capable of "holding another object," may be searched once the passengers have been arrested. *Massenburg*, 66 N.C. App. at 130, 310 S.E. 2d at 621 (citation omitted). Searches incident to arrest are necessary for the safety of the officers and to prevent the destruction of evidence. *Chimel v. California*, 395 U.S. 752, 762-63, 23 L. Ed. 2d 685, 694, 89 S. Ct. 2034, *reh'g denied*, 396 U.S. 869, 24 L. Ed. 2d 124, 90 S. Ct. 36 (1969). Search of containers within the passenger compartment is permitted because "the defendant may be permitted to reenter his automobile during or after the investigative detention." *State v. Truesdale*, 105 N.C. App. 444, 413 S.E. 2d 801 (1992) (*citing, Michigan v. Long*, 463 U.S. 1032, 77 L. Ed. 2d 1201, 103 S. Ct. 3469 (1983)). Once the officers arrested the apparent driver of the vehicle, the officers had a duty to secure the vehicle. Searching the vehicle to determine its owner was

reasonable in light of the need to determine ownership without the aid of the Department of Motor Vehicle's computerized records. The evidence found pursuant to this search was properly admitted.

No error.

Judges ARNOLD and WYNN concur.