STATE OF NORTH CAROLINA v. McCOY ANTWAN RICHARDSON

No. COA09-621

(Filed 16 February 2010)

**1. Drugs— crack cocaine—constructive possession—evidence not sufficient**

The trial court erred by denying defendant's motion to dismiss the charge of possession with intent to distribute cocaine where a baggy of crack cocaine was found near defendant's feet when he was detained after running out the back door of a house which officers had approached to serve a search warrant. Defendant did not have physical possession of the crack cocaine and there was no indicia of defendant's control of the place where the contraband was found. Defendant's residence in the same neighborhood, previous visits to the same house, and his proximity to the drugs after being detained were not a sufficient basis for constructive possession.

**2. Drugs— paraphernalia—constructive possession—evidence not sufficient**

The trial court erred by denying defendant's motion to dismiss a charge of possession of drug paraphernalia under a theory of constructive possession where the paraphernalia was found in the kitchen of a house and defendant was found in the backyard. Although it could be inferred that defendant had run through the kitchen into the backyard, the connection was tenuous.

**3. Arrest— resisting an officer—running from search**

The trial court erred by denying defendant's motion to dismiss the charge of resisting an officer where defendant ran from the back of a house when an officer announced "police, search warrant" at the front door. There is no authority for the State's presumption that a person whose property is not the subject of a search warrant may not peacefully leave the premises after the police knock and announce if the police have not asked him to stay.

Appeal by defendant from judgments entered 17 October 2008 by Judge Thomas D. Haigwood in Pitt County Superior Court. Heard in the Court of Appeals 4 November 2009.

*Attorney General Roy Cooper, by Associate Attorney General Eryn E. Linkous, for the State.*

*Greene & Wilson, P.A., by Thomas Reston Wilson, for defendant.*

ELMORE, Judge.

On 17 January 2008, a jury found McCoy Antwan Richardson (defendant) guilty of possession with intent to distribute cocaine, resisting a public officer, and possession of drug paraphernalia. He received a sentence of nine to eleven months' imprisonment for possession with intent to distribute cocaine, sixty days' imprisonment for resisting a public officer, and 120 days' imprisonment for possession of drug paraphernalia. For the reasons set forth below, we vacate all three convictions.

## Background

On 28 February 2008, at approximately 5:20 p.m., the Greenville Police Department executed a search warrant for 508-A Contentnea Street. Greenville Police Officer Dennis Grimsley approached the front of the residence and yelled, "police, search warrant." Some other officers went to the back of the residence to prevent people from leaving the house through the back door. Officer Grimsley then pushed the front door open and saw a man and woman in the front room. He also saw several men running out the back door. Officer Grimsley followed them out the back door and noticed four men on the ground, all of whom had been detained by officers. Defendant was one of those men and he had a sum of money in his hands. Officer Grimsley handcuffed defendant and put the cash in defendant's pocket. Officer Grimsley patted down defendant, but found no weapons or contraband; he did find additional cash in defendant's pocket. The cash from defendant's hand and pocket totaled $1,060.00. Officer Grimsley also found a plastic baggy containing a 9.4-gram crack rock on the ground near defendant. The baggy was located about two feet from defendant's feet. The other men who had been detained were the same distance from defendant.

Officer Grimsley continued his search inside the house and found a "set of black digital scales, a small amount of suspected marijuana," and "an open box of sandwich bags which were similar to" the bag containing the crack rock. These items were found in a side room in the house. Officer Grimsley also found a "glassine" pipe in the lower left cabinet of the kitchen.

Before executing the search warrant, police had observed defendant "in the area of 508-A Contentnea Street" at least five, but no more than ten times. Officer Grimsley had observed defendant "[g]oing in and out of the house, standing on the front porch, standing in the yard." However, the officers did not specify a particular time span during which they saw defendant at the house; the officers had patrolled that neighborhood for years.

The house was rented by Benny Bullock, Jr., and defendant lived at a different address in the same neighborhood. There was no evidence that defendant lived at the house on Contentnea street.

## Arguments

**[1]** Defendant first argues that the trial court erred by denying his motion to dismiss the charge of possession with intent to distribute cocaine. We agree. A motion to dismiss should be denied if there is substantial evidence "(1) of each essential element of the offense charged . . ., and (2) of defendant's being the perpetrator of such offense." *State v. Barnes*, 334 N.C. 67, 75, 430 S.E.2d 914, 918 (1993) (quotations and citation omitted). When reviewing a motion to dismiss based on insufficiency of the evidence, we "view the evidence in the light most favorable to the State, giving the State the benefit of all reasonable inferences. Contradictions and discrepancies do not warrant dismissal of the case but are for the jury to resolve." *Id.* (citations omitted).

Section 90-95 of our General Statutes provides, in relevant part, that it is "unlawful for any person . . . [t]o manufacture, sell or deliver, or possess with intent to manufacture, sell or deliver, a controlled substance[.]" N.C. Gen. Stat. § 90-95(a)(1) (2009). "The offense of possession with intent to sell or deliver has the following three elements: (1) possession of a substance; (2) the substance must be a controlled substance; (3) there must be intent to sell or distribute the controlled substance." *State v. Carr*, 145 N.C. App. 335, 341, 549 S.E.2d 897, 901 (2001) (citations omitted). Here, the second element is not at issue: it is undisputed that the substance in the baggy was crack cocaine, a controlled substance. However, defendant argues that the State presented insufficient evidence of possession.

In a prosecution for possession of contraband materials, the prosecution is not required to prove actual physical possession of the materials. Proof of *nonexclusive*, constructive possession is sufficient. Constructive possession exists when the defendant, while

not having actual possession, . . . has the intent and capability to maintain control and dominion over the narcotics.

* * *

Where [contraband is] found on the premises under the control of an accused, this fact, in and of itself, gives rise to an inference of knowledge and possession which may be sufficient to carry the case to the jury on a charge of unlawful possession. However, unless the person has exclusive possession of the place where the narcotics are found, the State must show *other incriminating circumstances* before constructive possession may be inferred.

*State v. McNeil*, 359 N.C. 800, 809–10, 617 S.E.2d 271, 277 (2005) (quotations and citations omitted; alterations in original). Here, it is undisputed that defendant did not have actual physical possession of the crack, did not reside in any way at 508-A Contentnea Street, and did not have exclusive control of 508-A Contentnea Street when the police executed the search warrant. Therefore, we must determine whether the State showed "other incriminating circumstances."

The State put forth, as "other incriminating circumstances," defendant's proximity to the baggy of crack, his previous visits to the house, and defendant's own home in the same neighborhood. Our Supreme Court recently observed that "[o]ur cases addressing constructive possession have tended to turn on the specific facts presented." *State v. Miller*, 363 N.C. 96, 99, 678 S.E.2d 592, 595 (2009) (citations omitted). In *Miller*, the Court reviewed a number of constructive possession cases and concluded that "two factors frequently considered are the defendant's proximity to the contraband and indicia of the defendant's control over the place where the contraband is found." *Id.* at 100, 678 S.E.2d at 594. The Court found sufficient evidence of both where the defendant was found sitting on the same end of a bed from which cocaine was recovered, a bag containing the defendant's birth certificate and state-issued identification card were found in that bedroom, and the bedroom was in a home in which two of his children lived with their mother. *Id.*

Here, there was no indicia of defendant's control over the place where the contraband was found. He was not listed as a renter, none of the utilities were in his name, no documents with defendant's name on them were located there, none of defendant's family members lived there, and there was no evidence that he slept there or otherwise lived there. The State points to *State v. Baize* to support its con-

tention that defendant's residence in the same neighborhood and previous visits to 508-A Contentnea Street, along with his proximity to the drugs after being detained by the police in the backyard, are a sufficient basis for constructive possession. We cannot agree. In *Baize,* this Court held that the State had presented sufficient evidence of constructive possession when a witness personally observed the defendant produce a plastic bag of cocaine and then hand it to another person, from whom the plastic bag was eventually recovered. *State v. Baize,* 71 N.C. App. 521, 523, 531, 323 S.E.2d 36, 38, 42 (1984). The scenario in *Baize* is too dissimilar from the scenario at hand to be instructive. We cannot find any authority that would support a finding of constructive possession given the factual scenario before us. Accordingly, we hold that the trial court erred by denying defendant's motion to dismiss and we vacate that conviction.

**[2]** Defendant next argues that the trial court erred by denying his motion to dismiss the charge of possession of drug paraphernalia because the State presented insufficient evidence of possession. We agree.

General statute section 90-113.22 provides, in relevant part:

It is unlawful for any person to knowingly use, or to possess with intent to use, drug paraphernalia to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, package, repackage, store, contain, or conceal a controlled substance which it would be unlawful to possess, or to inject, ingest, inhale, or otherwise introduce into the body a controlled substance which it would be unlawful to possess.

N.C. Gen. Stat. § 90-113.22(a) (2009). The police recovered the following drug paraphernalia from the house: glassine pipe, digital scales, and plastic sandwich bags. Again, the State progressed under a theory of constructive possession and, again, we cannot find that there was sufficient evidence of defendant's possession of any of the drug paraphernalia. Defendant was first identified in the backyard, although it could be reasonably inferred that he ran out of the house into the backyard through the kitchen. However, the glassine pipe was found in a lower cabinet in the kitchen and no other evidence connected the pipe to defendant. In addition, no evidence connected defendant to the room in which the scales and plastic sandwich bags were found. The connection between defendant and these objects is even more tenuous than the connection between defendant and the

baggy of crack, which we found insufficient to withstand a motion to dismiss. Accordingly, we hold that the trial court erred by denying defendant's motion to dismiss the charge of possession of drug paraphernalia and we vacate that conviction.

[3] Defendant next argues that the trial court erred by denying his motion to dismiss the charge of resisting an officer. We agree. General Statute section 14-223 provides, "If any person shall willfully and unlawfully resist, delay or obstruct a public officer in discharging or attempting to discharge a duty of his office, he shall be guilty of a Class 2 misdemeanor." N.C. Gen. Stat. § 14-223 (2009). The State asserts that defendant's flight after Officer Grimsley announced, "police, search warrant," at the front door is sufficient evidence of resisting an officer. Every appellate opinion interpreting § 14-223 implicates only the constitutional prohibition of unreasonable seizures of the person, generally in the context of an arrest or investigatory stop. *See, e.g., State v. Swift,* 105 N.C. App. 550, 555, 414 S.E.2d 65, 68 (1992) (holding that a defendant does not have the right to resist a legal investigatory stop and his "flight from a lawful investigatory stop contribute[s] to probable cause that [he] was in violation of . . . § 14-223") (citation omitted). Here, though, the police officers were at the house to execute a search warrant, not an arrest warrant, and Officer Grimsley was not making an investigatory stop when he announced "police, search warrant" at the front door. We find no authority for the State's presumption that a person whose property is not the subject of a search warrant may not peacefully leave the premises after the police knock and announce if the police have not asked him to stay. Defendant's flight rightly suggests that some criminal activity was afoot, but, as we observed in *Swift,* "the Biblical provision that '[t]he wicked flee when no man pursueth,' Proverbs 28:1, does not have the force of law. The innocent may flee if frightened enough." *Swift,* 105 N.C. App. at 554, 414 S.E.2d at 68. Accordingly, we hold that the trial court erred by denying defendant's motion to dismiss the charge of resisting an officer for insufficiency of the evidence and we vacate that conviction.

Having vacated all of defendant's convictions, it is unnecessary for us to address defendant's final argument.

Vacated.

Judges STEELMAN and HUNTER, JR., Robert N., concur.