NO. COA13-609

NORTH CAROLINA COURT OF APPEALS

Filed: 7 January 2014

STATE OF NORTH CAROLINA

   v.                              Randolph County
                                    No. 11 CRS 57484

CRECENCIO FELIX RODELO


Appeal by Defendant from judgment entered 7 December 2012 by Judge V. Bradford Long in Randolph County Superior Court. Heard in the Court of Appeals 21 October 2013.

> *Attorney General Roy Cooper, by Assistant Attorney General John R. Green, Jr., for the State.*
>
> *Unti & Lumsden, LLP, by Margaret C. Lumsden, for Defendant.*

DILLON, Judge.

Crecencio Felix Rodelo ("Defendant") appeals from a judgment convicting him of trafficking in cocaine by possession, challenging (1) the trial court's denial of his motion to suppress evidence, (2) the sufficiency of the evidence to support his constructive possession of the cocaine, and (3) trial counsel's failure to request instructions on lesser included offenses or to object to statements made by the prosecutor during closing

arguments, contending these failures amounted to ineffective assistance of counsel. We find no error.

The evidence of record tends to show the following: Based on information from a confidential informant regarding the delivery of a shipment of cocaine, agents from the Randolph County Sheriff's Office and from the Drug Enforcement Agency ("DEA") conducted surveillance on a particular warehouse in Randolph County. At approximately 11:00 P.M. on 30 November 2011, agents saw a tractor-trailer, driving without headlights, pull up, release the trailer, and pull into a garage bay of the warehouse. The agents approached the front and rear entrances to the warehouse and heard metallic "clanging" noises inside. One agent knocked on the front door, shouting "Policia." The noises stopped, and the back door to the warehouse opened suddenly. A man, later identified as Nathan Tobias-Tristan, stepped out. Tobias-Tristan told the agents who were stationed outside the rear entrance that he worked in the warehouse, that a friend of his was inside; that there were no illegal drugs inside; and that he consented to a search. Inside the warehouse, agents saw no one in the open, so they threatened to loose a dog, after which Defendant came out of the sleeper area of the tractor-trailer.

The agents discovered a hidden compartment in the tractor-trailer, containing numerous, tightly-wrapped packages, which the agents believed to contain cocaine. There was a chemical smell of cocaine in the warehouse and no indication of any kind of legitimate business. "[S]mall wrappings" were "all over" the tractor-trailer, as well as in the open area of the Honda SUV parked next to the tractor-trailer. Defendant took one of the agents aside, out of the view of Tobias-Tristan, and told the agent that money was hidden in the tractor-trailer. Two agents went to the Sheriff's office to prepare a search warrant.

Upon searching the warehouse, police discovered $955,000.00 in cash in the tightly-wrapped packages in the tractor-trailer, as Defendant disclosed. They also found cocaine in a Honda Pilot, located in close proximity to the tractor-trailer. The Honda Pilot contained a hidden compartment, but the bundles of cocaine were in plain view. Each bundle weighed approximately one kilogram, the total net weight being 21.81 kilograms. Defendant was convicted of trafficking in cocaine by possession and sentenced to 175 to 219 months incarceration. From this judgment, Defendant appeals.

## I: Motion to Suppress

In Defendant's first argument, he contends the trial court erred by denying his motion to suppress evidence based on

Defendant's lack of standing to contest the initial warrantless search of the warehouse. We disagree.

"The standard of review in evaluating the denial of a motion to suppress is whether competent evidence supports the trial court's findings of fact and whether the findings of fact support the conclusions of law." *State v. Otto*, 366 N.C. 134, 136, 726 S.E.2d 824, 827 (2012) (citation and quotation marks omitted).

"Before defendant can assert the protection afforded by the Fourth Amendment, however, he must demonstrate that any rights alleged to have been violated were his rights, not someone else's." *State v. Ysut Mlo*, 335 N.C. 353, 377, 440 S.E.2d 98, 110, *cert. denied*, 512 U.S. 1224, 129 L. Ed. 2d 841 (1994). "Standing [to assert this protection] requires both an ownership or possessory interest and a reasonable expectation of privacy." *State v. Swift*, 105 N.C. App. 550, 556, 414 S.E.2d 65, 68-69 (1992). However, "[t]he burden of showing this ownership or possessory interest is on the person who claims that his rights have been infringed." *Id.* When a defendant neither asserts "a property nor a possessory interest [in the premise searched]," nor makes a showing of any other "circumstances giving rise to a reasonable expectation of privacy in the premises searched[,] . . . defendant has failed to

establish his standing to object." *State v. Jones*, 299 N.C. 298, 306, 261 S.E.2d 860, 865 (1980).

In this case, the trial court found, *inter alia*, that Tristan-Tobias informed one of the officers that he just worked at the warehouse; that there was someone else inside who was his friend; and that he consented to a search of the warehouse. The trial court further found that no evidence was presented that connected Defendant with the warehouse except his presence. Based on its findings, the trial court concluded:

> The defendant has failed to show that he has any standing to challenge Nathan Tristan-Tobias' consent to search the warehouse in question as the defendant has failed to show any reasonable expectation of privacy in the contents of the warehouse. Moreover, the Court concludes as a matter of law that Nathan Tristan-Tobias was reasonably, apparently entitled to give consent to search the premises at Warehouse Number 8 under the facts set out above. The Motion to Suppress is denied.

We believe the record supports the trial court's findings that Defendant presented no evidence of his "ownership or possessory interest" or of a "reasonable expectation of privacy." *Swift*, 105 N.C. App. at 556, 414 S.E.2d at 68-69. Accordingly, we believe the trial court did not err by concluding that Defendant failed to meet his burden of establishing standing. Moreover, assuming *arguendo* Defendant had standing to contest the search, we

do not believe the trial court erred by concluding that it was reasonable for the agents to assume that Tristan-Tobias had the authority to give consent for a search of the warehouse, and the police later secured a search warrant based on probable cause.[1] *State v. Toney*, 187 N.C. App. 465, 469, 653 S.E.2d 187, 190 (2007) (stating, "[i]n the absence of actual authority, a search may still be proper if an officer obtains consent from a third party whom he reasonably believes has authority to consent") (citing *Illinois v. Rodriguez*, 497 U.S. 177, 111 L. Ed. 2d 148 (1990)).

## II: Motion to Dismiss

In Defendant's second argument on appeal, he contends the trial court erred by denying his motion to dismiss for lack of substantial evidence of Defendant's constructive possession of the contraband. We disagree.

"This Court reviews the trial court's denial of a motion to dismiss *de novo*." *State v. Smith*, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007). "'Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the

---

[1] The trial court made a number of findings to establish that the agents acted on a reasonable belief that Tristan-Tobias had apparent authority to consent to the search.

perpetrator of such offense. If so, the motion is properly denied.'" *State v. Fritsch*, 351 N.C. 373, 378, 526 S.E.2d 451, 455, *cert. denied*, 531 U.S. 890, 148 L. Ed. 2d 150 (2000) (quotation omitted). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Smith*, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980). "In making its determination, the trial court must consider all evidence admitted, whether competent or incompetent, in the light most favorable to the State, giving the State the benefit of every reasonable inference and resolving any contradictions in its favor." *State v. Rose*, 339 N.C. 172, 192, 451 S.E.2d 211, 223 (1994), *cert. denied*, 515 U.S. 1135, 132 L. Ed. 2d 818 (1995).

> Circumstantial evidence may withstand a motion to dismiss and support a conviction even when the evidence does not rule out every hypothesis of innocence. If the evidence presented is circumstantial, the court must consider whether a reasonable inference of defendant's guilt may be drawn from the circumstances. Once the court decides that a reasonable inference of defendant's guilt may be drawn from the circumstances, then it is for the jury to decide whether the facts, taken singly or in combination, satisfy [it] beyond a reasonable doubt that the defendant is actually guilty.

*Fritsch*, 351 N.C. at 379, 526 S.E.2d at 455 (citation and quotation marks omitted).

Trafficking in cocaine by possession has two elements: (1) knowing possession of cocaine, and (2) the cocaine weighing 28 grams or more. *State v. White*, 104 N.C. App. 165, 168, 408 S.E.2d 871, 873 (1991); *see also* N.C. Gen. Stat. § 90-95(h)(3)(a). "It is well established in North Carolina that possession of a controlled substance may be either actual or constructive." *State v. Jenkins*, 167 N.C. App. 696, 700, 606 S.E.2d 430, 433 (2005) (citation and quotation marks omitted). Constructive possession is not required to be *exclusive*: "Proof of nonexclusive, constructive possession is sufficient." *State v. McNeil*, 359 N.C. 800, 809, 617 S.E.2d 271, 277 (2005) (citation and quotation marks omitted). "A person is said to have constructive possession when he, without actual physical possession of a controlled substance, has both the intent and the capability to maintain dominion and control over it." *Jenkins*, 167 N.C. App. at 700, 606 S.E.2d at 433 (2005) (citation and quotation marks omitted).

> As the terms "intent" and "capability" suggest, constructive possession depends on the totality of circumstances in each case. No single factor controls, but ordinarily the question will be for the jury. . . . The fact that a person is present in a [vehicle] where drugs are located, nothing else appearing, does not mean that person has constructive possession of the drugs. . . . There must be evidence of other incriminating circumstances to support constructive possession.

*State v. James*, 81 N.C. App. 91, 93, 344 S.E.2d 77, 79 (1986) (citations omitted). "Where [contraband is] found on the premises under the control of an accused, this fact, in and of itself, gives rise to an inference of knowledge and possession which may be sufficient to carry the case to the jury on a charge of unlawful possession." *State v. Butler*, 356 N.C. 141, 567 S.E.2d 137, 140 (2002). "However, unless the person has exclusive possession of the place where the narcotics are found, the State must show other incriminating circumstances before constructive possession may be inferred." *State v. Davis*, 325 N.C. 693, 697, 386 S.E.2d 187, 190 (1989). Evidence of constructive possession is sufficient to support a conviction if it would allow a reasonable mind to conclude that defendant had the intent and capability to exercise control and dominion over the controlled substance. *State v. Peek*, 89 N.C. App. 123, 365 S.E.2d 320 (1988).

In this case, Defendant was neither in actual, physical possession of the controlled substance, nor did he have exclusive control of the warehouse. Therefore, to support a charge of trafficking by possession, the State was required to submit substantial evidence that Defendant constructively possessed the cocaine in this case. Defendant contends on appeal that the State did not submit substantial evidence of his constructive possession

of the cocaine. In support of his position, Defendant cites *State v. Weems*, 31 N.C. App. 569, 230 S.E.2d 193 (1976), for the proposition that the mere presence of a defendant near the location of the contraband is not sufficient to prove control and intent. In *Weems*, we stated that "mere proximity to persons or locations with drugs about them is usually insufficient, in the absence of other incriminating circumstances, to convict for possession[,]" and further that "the mere presence of the defendant in an automobile in which illicit drugs are found does not, without more, constitute sufficient proof of his possession of such drugs." *Id.* at 571, 230 S.E.2d at 194 (citations and quotation marks omitted). In *Weems*, the police "placed a certain automobile under surveillance[,]" "saw three men get into the automobile and drive away[,]" and "followed and shortly thereafter stopped the car." *Id.* The defendant was a passenger in the right front seat, and the driver was the registered owner of the automobile. *Id.* The third man was in a passenger in the back seat. "Packets of heroin were found hidden in three different locations in the car, two of which were in the front seat area and one in the back seat area." *Id.* The defendant was in close proximity to the heroin hidden in the front seat area, but "[t]here was no evidence [the] defendant owned or controlled the car[,] [and] [t]here was no evidence he

had been in the car at any time other than during the short period which elapsed between the time the officers saw the three men get in the car and the time they stopped and searched it." Moreover, there "was no evidence of any circumstances indicating that defendant knew of the presence of the drugs hidden in the car." *Id.* at 571, 230 S.E.2d at 194-95. The *Weems* Court held, on these facts, that because there was "no evidence of any circumstance connecting the defendant to the drugs in any manner whatsoever other than the showing of his mere presence for a brief period in the car as a passenger[,]" there was not substantial evidence of the defendant's constructive possession of the heroin. *Id.* at 571, 230 S.E.2d at 195.

We believe *Weems* is distinguishable from the case *sub judice*, because, here, the State's case rests on more than Defendant's mere proximity to the controlled substance. Defendant hid from the agents when they first entered the warehouse. He was discovered alone in the tractor-trailer where the money was hidden. No one else was discovered in the warehouse. The cocaine was discovered in a Honda Pilot parked, with its doors open, in close proximity to the tractor-trailer containing the cash. The cash and the cocaine in this case were packaged in a similar fashion. "[S]mall wrappings" were "all over" the tractor-trailer, in which

Defendant was hiding, as well as in the open area of the Honda SUV parked close to the tractor-trailer.  Defendant admitted knowing where the money was hidden.  The entire warehouse had a chemical smell of cocaine.  In addition, when the police were questioning Tristan-Tobias and Defendant together, Defendant motioned to one of the agents "that he wanted to talk to [the agent]" out of the view of Tristan-Tobias, from which a jury could infer that Defendant knew and planned to reveal something, which Tristan-Tobias did not know, or that Defendant was guilty of a crime and was seeking leniency.

We believe the evidence in this case, *when viewed in the light most favorable to the State*, supports the trial court's conclusion that Defendant was in constructive possession of the cocaine.  In other words, there were sufficient incriminating circumstances – beyond Defendant's mere presence – to support the trial court's conclusion.  Accordingly, Defendant's argument is overruled.

### III: Ineffective Assistance of Counsel

In Defendant's third argument, he contends he received ineffective assistance of counsel when his attorney failed to ask for an instruction on the lesser included offense of and failed to object to the State's allegedly egregious statements in closing arguments.

"To prevail on a claim of ineffective assistance of counsel, a defendant must first show that his counsel's performance was deficient and then that counsel's deficient performance prejudiced his defense. Deficient performance may be established by showing that counsel's representation fell below an objective standard of reasonableness." *State v. Allen*, 360 N.C. 297, 316, 626 S.E.2d 271, 286, *cert. denied*, 549 U.S. 867, 166 L. Ed. 2d 116 (2006) (citations and quotation marks omitted). "Generally, to establish prejudice, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.*

Defendant contends he was provided ineffective assistance of counsel in this case for two reasons: (1) trial counsel failed to request that the jury be instructed on conspiracy to traffic in cocaine and the lesser included offense of possession of cocaine; and (2) trial counsel failed to object to allegedly egregious, improper comments by the State during its closing argument. We address each argument in turn.

A: Instruction on Lesser Included Offenses

First, Defendant contends his trial counsel rendered ineffective assistance by failing to request a jury instruction on

conspiracy to traffic in cocaine and the lesser included offense of possession of cocaine.  We disagree.

We note that in his brief, Defendant refers to the crime of conspiracy to traffic in cocaine as a lesser included offense of trafficking in cocaine.  However, conspiracy to traffic in cocaine is not a lesser included offense of trafficking in cocaine, because the requirement of an agreement, while necessary to sustain a conviction for conspiracy, is not a necessary element of trafficking in cocaine by possession.  *State v. Kemmerlin*, 356 N.C. 446, 476, 573 S.E.2d 870, 891 (2002) (stating that "conspiracy is a separate offense from the completed crime that normally does not merge into the substantive offense").  In this case, since the indictment does not contain an allegation of an agreement, it would have been error for the trial court to instruct the jury on conspiracy.  Accordingly, we address Defendant's argument as it relates to the lesser included offense of possession of cocaine.

Here, since Defendant failed to object to the omission of a lesser-included offense jury instruction at trial or to request such an instruction, we must review the instructions under the plain error standard.  *State v. Lowe*, 150 N.C. App. 682, 685, 564 S.E.2d 313, 315 (2002).  Plain error is "a *fundamental error*, something so basic, so prejudicial, so lacking in its elements

that justice cannot have been done[.]" *State v. Odom*, 307 N.C. 655, 660, 300 S.E.2d 375, 378 (1983) (internal quotation marks and citation omitted) (emphasis in original). Under plain error analysis, a defendant is entitled to reversal "only if the error was so fundamental that, absent the error, the jury probably would have reached a different result." *State v. Jones*, 355 N.C. 117, 125, 558 S.E.2d 97, 103 (2002).

"[A] lesser included offense instruction is required if the evidence would permit a jury rationally to find [defendant] guilty of the lesser offense and acquit him of the greater." *State v. Millsaps*, 356 N.C. 556, 562, 572 S.E.2d 767, 772 (2002) (citations and quotation marks omitted). "Where the State's evidence is clear and positive as to each element of the offense charged and there is no evidence showing the commission of a lesser included offense, it is not error for the judge to refuse to instruct on the lesser offense." *State v. Peacock*, 313 N.C. 554, 558, 330 S.E.2d 190, 193 (1985).

The key difference between the crime of trafficking in cocaine by possession and the lesser-included offense of felony possession of cocaine is weight; that is, trafficking by possession requires evidence of 28 grams or more of cocaine. *State v. White*, 104 N.C. App. 165, 168, 408 S.E.2d 871, 873 (1991). Here, we do not believe

the trial court committed plain error in failing to instruct the jury on conspiracy to traffic in cocaine and the lesser included offense of simple possession of cocaine.  The evidence shows that Defendant was discovered in close proximity to 21.81 kilograms of cocaine, which is substantially more than the 28 grams required to constitute trafficking.  Defendant offered no evidence that he was in possession of only less than 28 grams of cocaine.  *See State v. King,* 99 N.C. App. 283, 290, 393 S.E.2d 152, 156 (1990). Accordingly, we conclude the trial court did not err, much less commit plain error, in failing to give these instructions.

### B: Failure to Object to Remarks

Defendant lastly argues he was provided ineffective assistance of counsel because trial counsel failed to object to allegedly egregious, improper comments by the State during its closing argument.  We disagree.

"The standard of review for assessing alleged improper closing arguments that fail to provoke timely objection from opposing counsel is whether the remarks were so grossly improper that the trial court committed reversible error by failing to intervene *ex mero motu*."  *State v. Jones*, 355 N.C. 117, 133, 558 S.E.2d 97, 107 (2002).  Our Supreme Court has stated:

> We have frequently held that counsel must be allowed wide latitude in jury arguments in

> hotly contested cases. Counsel may argue the facts in evidence and all reasonable inferences that may be drawn therefrom together with the relevant law in presenting the case.

*State v. Anderson*, 322 N.C. 22, 37, 366 S.E.2d 459, 468, *cert. denied*, 488 U.S. 975, 102 L. Ed. 2d 548 (1988).

In this case, Defendant argues that his trial counsel's failure to object to three statements made by the prosecutor during closing arguments constituted ineffective assistance of counsel: (1) the prosecutor's statement that Defendant was "exchanging money and drugs, from one vehicle to another," a proposition which was not established at trial and which would have been consistent with a charge of trafficking by transportation; (2) the prosecutor's statement that Defendant was "trafficking in cocaine and narcotics," when there was no evidence that Defendant also trafficked in narcotics; and (3) the prosecutor's characterization of the business as a place where drugs and money were exchanged, arguing in his brief that "[t]he idea that the business was involved only in trafficking in cocaine and narcotics has no basis in the evidence and is not supported by an inference from the evidence."

We believe these statements by the prosecutor, to which trial counsel failed to object, and which Defendant has made the basis

of his ineffective assistance of counsel claim, were either reasonable inferences drawn from the evidence, or were *not* so grossly improper that the trial court committed reversible error by failing to intervene *ex mero motu*. The prosecutor's statement that Defendant was exchanging drugs and money from one vehicle to another may be reasonable inferred from $955,000.00 in cash in one vehicle and 21.81 kilograms of cocaine in a different vehicle parked, with its doors open, in close proximity. The characterization and description of the warehouse as a being a place for exchange of drugs and money could be reasonably inferred by the rural location of the warehouse close to major highways, the lack of a business sign or descriptor or evidence of any other business being conducted therein, and the fact that a tractor-trailer containing $955,000.00 in cash pulled into the warehouse to join a car containing 21.81 kilograms of cocaine. Finally, referring to "narcotics," we do not believe, standing alone, was so grossly improper that the trial court committed reversible error by failing to intervene *ex mero motu*. As such, Defendant's argument that trial counsel provided ineffective assistance of counsel by failing to object to these three statements during the prosecutor's closing argument must necessarily fail.

We conclude Defendant had a fair trial, free from error.

NO ERROR.

Chief Judge MARTIN and Judge STEELMAN concur.