IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA25-64

Filed 17 December 2025

Mecklenburg County, Nos. 19CR216051-590, 19CR216053-590, 19CR216054-590, 19CR216055-590, 19CR216056-590

STATE OF NORTH CAROLINA

v.

JUAN DERAS ESCALANTE, Defendant.

Appeal by Defendant from order entered 8 February 2024 by Judge Justin Davis in Mecklenburg County Superior Court. Heard in the Court of Appeals 14 October 2025.

> *Attorney General Jeff Jackson, by Assistant Attorney General Kristin Cook McCrary, for the State.*
>
> *Tin Fulton Walker & Owen, PLLC, by Noell P. Tin, for Defendant.*

GRIFFIN, Judge.

Defendant Juan Deras Escalante appeals from the trial court's order denying his motion to suppress. Defendant argues the surveillance order was issued without probable cause and moved to suppress the fruits of an unlawful search warrant. We hold the trial court did not err in determining Defendant failed to establish standing.

## I. Factual and Procedural Background

On 29 April 2019, Domingo Vanancio-Tapio was shot and killed outside of Lempira Restaurant, located in Charlotte, North Carolina. Charlotte Mecklenburg

Police Department ("CMPD") detectives obtained an arrest warrant for Defendant. After obtaining the warrant, CMPD requested the Violent Criminal Apprehension Team ("VCAT") to locate Defendant. VCAT obtained a trap and trace court order, and then the United States Secret Service deployed its cell-site simulator to locate Defendant via a phone call he made to Defendant's mother. The United States Secret Service promptly located Defendant, and then VCAT detectives surrounded the residence where Defendant was located. Defendant came out of the residence after several hours and was arrested.

After Defendant's arrest, CMPD took Defendant to the Mecklenburg County Jail, where Defendant made a phone call in which he admitted to shooting Vanancio-Tapio and believed he had been snitched on. Despite Defendant's objection, this phone call conversation was admitted into evidence at trial.

Defendant moved to suppress "fruits of a seizure resulting from unlawful electronic surveillance of Defendant." The trial court denied Defendant's motion to suppress. At Defendant's trial on 7 February 2024, the jury found Defendant guilty of first-degree murder under the felony murder rule. Defendant timely appeals from the trial court's order denying his motion to suppress.

## II.    Analysis

In reviewing a trial court's denial of a motion to suppress, this Court must determine "'whether competent evidence supports the trial court's findings of fact and whether the findings of fact support the conclusions of law.'" *State v. Faulk*, 256 N.C.

App. 255, 262, 807 S.E.2d 623, 628–29 (2017) (quoting *State v. Biber*, 365 N.C. 162, 167–68, 712 S.E.2d 874, 878 (2011)). Findings of fact supported by competent evidence are conclusive on appeal even if conflicting evidence exists. *State v. Downey*, 251 N.C. App. 829, 832, 796 S.E.2d 517, 519 (2017) (citation omitted). Additionally, on appeal, unchallenged findings of fact are deemed supported by competent evidence and binding. *State v. Carrouthers*, 200 N.C. App. 415, 418, 683 S.E.2d 781, 784 (2009) (citation omitted). We review conclusions of law de novo. *State v. Aguilar*, 287 N.C. App. 248, 252, 882 S.E.2d 411, 415 (2022) (citation omitted).

The Fourth Amendment of the United States Constitution protects people from unreasonable searches and seizures of "their persons, houses, papers, and effects." U.S. Const. amend. IV. Generally, an individual "may not object to a search or seizure of the premises or property of another." *State v. Greenwood*, 301 N.C. 705, 707, 273 S.E.2d 438, 440 (1981) (citation omitted). A defendant must have standing "to challenge the reasonableness of a search or seizure." *State v. Swift*, 105 N.C. App. 550, 556, 414 S.E.2d 65, 68–69 (1992). To have standing to contest the validity of a search, an individual must have (1) "ownership or possessory interest in the premises or property" and (2) a reasonable expectation of privacy. *Greenwood*, 301 N.C. at 707–08, 273 S.E.2d at 440 (citation omitted); *Swift*, 105 N.C. App. at 556, 414 S.E.2d at 69; *State v. Sanchez*, 147 N.C. App. 619, 626, 556 S.E.2d 602, 608 (2001) (citation omitted).

"[I]ndividuals have a reasonable expectation of privacy in the whole of their physical movements." *Carpenter v. United States*, 585 U.S. 296, 310, 315 (2018) (citation omitted). However, the context of such a reasonable expectation of privacy concerns protections from "a detailed chronicle of a person's physical presence compiled every day, every moment, over several years." *Id.* at 315. It is not a shield for when someone uses a phone or for a person's movement at a certain time. *Id.* The United States Supreme Court declines to express a view on real-time cell-site location information ("CSLI"). *Id.*

A defendant has the burden of demonstrating a search infringed on his or her personal rights to in turn establish his or her standing to challenge the validity of a search. *Greenwood*, 301 N.C. at 708, 273 S.E.2d at 440 (citation omitted). "[T]emporary use of property does not automatically create an expectation of privacy in that property." *State v. Boyd*, 169 N.C. App. 204, 207, 609 S.E.2d 785, 787 (2005). Our Courts do "not assume ownership or a possessory interest in property based on mere possession." *State v. Stitt*, 201 N.C. App. 233, 241, 689 S.E.2d 539, 547 (2009) (citation omitted).

Here, Defendant does not challenge any of the trial court's findings of fact. Therefore, the trial court's findings are deemed supported by competent evidence and binding on this appeal. *Carrouthers*, 200 N.C. App. at 418, 683 S.E.2d at 784. Defendant argues the trial court incorrectly concluded he lacked standing to challenge the validity of the search in question. We disagree.

- 4 -

The trial court found Defendant had used *a* phone within a day of Vanancio-Tapio's murder. The trial court's findings also stated Defendant was in contact with his family and friends through the number associated with the phone Defendant used within twenty-four hours of Vanancio-Tapio's murder. However, Defendant's temporary use of the phone does not automatically create an expectation of privacy, and we do not assume ownership or a possessory interest in the phone based on mere possession.

Additionally, CMPD collected five cell phones from the residence where Defendant refused to exit prior to his arrest and none of those phones had the number from the CSLI search. This weakens Defendant's argument that he had ownership or possessory interest because, as the U.S. Supreme Court expressed, a "cell phone faithfully follows its owner;" Defendant would have likely had that phone with him. *Carpenter*, 585 U.S. at 311. Therefore, the findings did not demonstrate ownership or possessory interest in the phone associated with the search.

Defendant has failed to offer evidence of ownership or possessory interest in the cell phone at either the suppression hearing or on appeal. Rather, Defendant emphasizes he simply used the phone.

Defendant claims the CSLI search violated his expectation of privacy in his movements and heavily bases his argument on *Carpenter v. United States*. Yet, unlike the gathering of about four months of historical CSLI data in *Carpenter*, the gathering of real-time CSLI used here was for less than an hour of real-time data.

Moreover, the U.S. Supreme Court in *Carpenter* explicitly declined to address real-time CSLI, the technology used here. Here, Defendant was "using a phone," what the U.S. Supreme Court expressed that *Carpenter* was "not about." Thus, this case differs drastically, and Defendant's argument fails.

Consequently, because Defendant failed to carry his burden of showing the search infringed on his personal rights, we hold the trial court did not err and Defendant lacks standing.

### III.  Conclusion

All in all, Defendant did not satisfy his burden of demonstrating both ownership or possessory interest in the cell phone and reasonable expectation of privacy. Therefore, the trial court did not err in its determination Defendant lacked standing to challenge the search.

AFFIRMED.

Chief Judge DILLON and Judge FLOOD concur.