STATE OF NORTH CAROLINA v. MICHAEL BRASWELL

No. COA09-1477

(Filed 4 May 2010)

**Sexual Offenders— failing to register—failing to verify address**

The trial court erred by denying defendant's motion to dismiss the charge of failing to register as a sex offender by failing to verify his address. Uncontroverted evidence showed that defendant never received the semi-annual verification form. Further, if a defendant is not found at the registered address, the crime to be charged is failure to report a change of address under N.C.G.S. § 14-208.9A(a)(4).

Appeal by defendant from judgment entered 17 September 2009 by Judge Paul G. Gessner in Durham County Superior Court. Heard in the Court of Appeals 13 April 2010.

*Attorney General Roy Cooper, by Assistant Attorney General Catherine F. Jordan, for the State.*

*William B. Gibson, for defendant-appellant.*

STEELMAN, Judge.

Where it is uncontroverted that defendant never received the semi-annual notice to verify his sex offender registration information, the trial court erred in denying his motion to dismiss the charge of failing to register as a sex offender by failing to verify his address.

I. Factual Background and Procedural History

The evidence presented in this case is substantially uncontested and consistent. On 18 February 1999, Michael Braswell (defendant) was convicted of the felony of taking indecent liberties with a child. In November of 2000, defendant was placed on the Sex Offender and Public Protection Registration Program pursuant to Article 27A of Chapter 14 of the North Carolina General Statutes. This program initially required defendant to verify his registration information once a year. This provision was modified by 2006 Session Laws Chapter 247, section 7(a) to require verification of registration information every six months. 2006 N.C. Sess. Laws, ch. 247, § 7(a). This change was effective 1 December 2006, and is applicable to "offenses on or after that date." 2006 N.C. Sess. Laws, ch. 247, § 7(b).

Defendant verified his registration information annually from 2000 through 2006, and thereafter twice a year in May 2007, November 2007, and May 2008. On 4 November 2008, the State Bureau of Investigation mailed a verification form to defendant's last known address, as required by N.C. Gen. Stat. § 14-208.9A(a)(1) via certified mail, return receipt requested. This letter was returned unclaimed to the Durham County Sheriff's Office on 2 December 2008. On 23 January 2009, Deputy Kenneth Baker went to defendant's last known address in an attempt to verify his residence as required by N.C. Gen. Stat. § 14-208.9A(a)(4). Two visits were made to the residence on 23 January 2009, and on both occasions, no one answered the door. That same day, a warrant was issued for defendant's arrest for violations of N.C. Gen. Stat. § 14-208.11.

Defendant testified that he never received the November 2008 verification form; that he went to the Durham County Sheriff's Office prior to January 2009 to meet with the person in charge of the sex offender registration program, but that she was out sick; that he made several calls to the person in charge of registration, never spoke to her, but left messages; and when he went to the Sheriff's Office in February 2009, he was arrested. The person in charge of the sex offender registration program testified that defendant had left her several voice mail messages.

On 6 April 2009, the Durham County Grand Jury returned a two-count indictment against defendant, charging him with failing to notify of a change of address and failing to verify his address. On 15 September 2009, the State dismissed the charge of failing to notify of a change of address. The dismissal stated: "The defendant did not change addresses—he still lives at the last registered address[.]" On 17 September 2009, a jury found defendant guilty of failing to register as a sex offender by failing to verify his address. Defendant was found to be a prior record level IV for felony sentencing purposes, and was sentenced from the mitigated range to an active prison term of 18 to 22 months. Release pending appeal was denied. Defendant appeals.

## II. Denial of Defendant's Motion to Dismiss

In his first argument, defendant contends that the trial court erred in denying his motion to dismiss at the close of all of the evidence. The State concedes error, and we agree.

It is uncontroverted that defendant did not change his address. The crime for which he was convicted was failing to verify his

address pursuant to N.C. Gen. Stat. § 14-208.9A(a)[1], the relevant portions of which are as follows:

> The information in the county registry shall be verified semiannually for each registrant as follows:
>
> (1) Every year on the anniversary of a person's initial registration date, and again six months after that date, the Division shall mail a nonforwardable verification form to the last reported address of the person.
>
> . . . .
>
> (4) If the person fails to return the verification form in person to the sheriff within 10 days after receipt of the form, the person is subject to the penalties provided in G.S. 14-208.11. If the person fails to report in person and provide the written verification as provided by this section, the sheriff shall make a reasonable attempt to verify that the person is residing at the registered address. If the person cannot be found at the registered address and has failed to report a change of address, the person is subject to the penalties provided in G.S. 14-208.11, unless the person reports in person to the sheriff and proves that the person has not changed his or her residential address.

N.C. Gen. Stat. § 14-208.9A(a) (2007). The relevant portions of N.C. Gen. Stat. § 14-208.11(a) provide:

> A person required by this Article to register who willfully does any of the following is guilty of a Class F felony:
>
> . . . .
>
> (3) Fails to return a verification notice as required under G.S. 14.208-9A.
>
> . . . .
>
> (7) Fails to report in person to the sheriff's office as required by G.S. 14-208.7, 14-208.9, and 14-208.9A.

N.C. Gen. Stat. § 14-208.11(a) (2007).

In order to be convicted for failure to return the verification form after the receipt of the form pursuant to N.C. Gen. Stat.

---

1. We analyze the instant case under the 2007 version of the statute. We note that an amendment to the statute in 2008 changed the number of days the offender had to return the verification form to the sheriff's office from 10 days to 3 business days. 2008 N.C. Sess. Laws, ch. 117, § 10. This change was effective 1 December 2008.

§ 14-208.9A(a)(4), a defendant must have actually received the verification form. The evidence is uncontroverted that defendant never received the form; therefore, he cannot be convicted for failure to return the verification form. The statute goes on to require that if the form is not timely returned, that the "sheriff shall make a reasonable attempt to verify that the person is residing at the registered address." N.C. Gen. Stat. § 14-208.9A(a)(4). Deputy Baker performed this duty in the instant case.

However, if a defendant is not found to be at the registered address, the crime to be charged is failure to report a change of address, subject to a defendant proving that he or she has "not changed his or her residential address." N.C. Gen. Stat. § 14- 208.9A(a)(4). As stated above, the State voluntarily dismissed the charge of failure to report a change of address against defendant.

The trial court erred in failing to dismiss the failure to verify his address charge against defendant at the close of all the evidence. The judgment of the trial court is vacated. *See State v. Richardson*, —— N.C. App. ——, ——, 689 S.E.2d 188, 192 (2010) (vacating the defendant's convictions based upon the trial court erroneously denying the defendant's motions to dismiss).

VACATED.

Judges WYNN and CALABRIA concur.